DENTON MILLING CO. v. GREEN et al.
(No. 1960.)

(Court of Civil Appeals of Texas. Texarkana. April 18, 1918.)

1. SALES ☞22(1)—OFFER—CONDITIONS.
A letter offering flour at a certain price, "based on to-day's market, * * * and hope to have your acceptance before we have another advance," was not an unconditional offer, and was only good until there was another advance.

2. VENUE ☞7 — CONTRACTS — PLACE OF PERFORMANCE.
A letter from a wholesaler in D. county to a retailer in N. county agreeing to book a carload of flour was not an offer to perform any agreement in N. county so as to authorize a suit to be brought in N. county.

3. SALES ☞22(5)—OFFER—ACCEPTANCE.
An offer to book a car load of flour upon terms requiring shipment to be ordered out within 15 days must be accepted within a reasonable time, and where the prospective buyer expressly dissented to the terms the next day, the seller should not be held to its offer 10 days later.

Appeal from Navarro County Court; H. E. Traylor, Judge.

Suit by G. F. Green and another against the Denton Milling Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with instructions.

R. E. Prince, of Corsicana, for appellant. Dexter Hamilton, of Corsicana, for appellees.

HODGES, J. In April, 1917, the appellees, G. F. and R. J. Green, filed this suit in the county court of Navarro county against the appellant, seeking the recovery of damages resulting from the alleged breach of a written contract. The appellees resided at Kerens, in Navarro county, and were merchants doing business under the firm name of Green & Son. The appellant is a private corporation with its domicile and place of business in Denton county. At the proper time it filed and presented its plea of privilege, claiming the right to be sued in the county of its residence. In a trial before the court this plea was overruled, and a judgment for damages rendered in favor of the appellees.

In this appeal the adverse ruling of the court on the appellant's plea of privilege is the basis of the assignments of error. Upon the record as presented the correctness of that ruling depends upon whether the appellant entered into a written contract to be partly performed in Navarro county. The appellees rely upon the following correspondence as constituting the contract:

"Kerens, Texas, 3—26, 1917.
"Denton Milling Company, Denton, Texas—Dear Sir: Has your man that works this territory booked us a car of flour some time ago? We will need flour in 2 or 3 weeks. We like Very Best fine, it gives satisfaction.
"Please give prices of all feed stuff, bran, meal chops, and flour. We have prices offered on all, but we like your flour so we will wait to hear from you.
"Yours respectfully,    G. F. Green & Son."

"Denton, Texas, March 28, 1917.
"G. F. Green & Son, Kerens, Texas—Gentlemen: Replying to yours of the 26th based on to-day's market, we will book you a car of flour for 9.50 high patent basis for shipment within 30 days net cash, balance of car in feed and meal at market price date of shipment, you will find the present market to be 9.80 basis, but we are making you the old price and hope to have your acceptance before we have another advance. Thanking you for the inquiry, we are,
"Yours very truly,    Denton Milling Co."

"Kerens, Texas, 3—29, 1917.
"Denton Milling Company—Kind Sirs: We recd. your letter to-day stating that you would book us a car of flour at $9.50 basis for shipment in 30 days, and will say in reply that you may book us the car of flour.
"Yours respectfully,
                            "G. F. Green & Son."

"Denton, Texas, March 31, 1917.
"G. F. Green & Son, Kerens, Texas—Gentlemen: Replying to yours of the 29th, while our market is 50 cents higher, yet we are booking you 25,000 lbs. of flour at 9.50 high patent basis, terms net cash upon arrival of car with the understanding that you will order it out prior the 4/15 with balance of car in feed and at market price date of shipment; this is not allowing the 30 days for shipment, but our present wheat stock will not admit of our booking for that length of time, hence we specify 15 days. Wishing you well, we are,
"Yours very truly,    Denton Milling Co."

"Kerens, Texas, 4—2, 1917.
"Denton Milling Company, Denton, Texas—Dear Sirs: We are in receipt of your letter of 3—31st. We are surprised to get a letter of that kind asking us to take the flour out before the 30 days is out. You proposed to let us have and we accepted your offer. Now we could have gotten a car of flour 50 cents cheaper per car the eve before from McCluney Bros. to be shipped from Paris, Texas, but we having our trade started on your flour we decided to take your car of flour 9.50 basis, and as we need the 30 days we think you should comply with your first offer. We may build up a good trade on your Very Best brand. We trust you will reconsider the proposition and still willing allow us the 30 days. Hoping to hear from you soon.
                            "G. F. Green & Son."

"Denton, Texas, April 3, 1917.
"G. F. Green & Son, Kerens, Texas—Gentlemen: Replying to yours of the 2d, if you will refer to ours of the 28th, you will see that we offer you based on the market at that time and were not under any obligations to book the car. By the time we had your acceptance the market was still 50 cts. more up. However, the market advance would not have affected our time to you, but while we were waiting to hear from you, we sold enough flour to just about clean up our present stock of wheat, and that is the reason that we changed the date of shipment, as we must ask that the shipment move in time to produce it from our present stock of wheat to avoid considerable loss, and, too, if you will refer to your letter of the 26th, you will state that you wanted the car shipped within 2 or 3 weeks, we have made a sacrifice to meet your demands in perfect good faith Mr. Green, and we are sure when you consider these facts you will see the justice of our claim.
"Respectfully,    Denton Milling Co."

(Telegram.)
"Kerens, Texas, 13th April, 1917.
"Denton Milling Company, Denton, Texas. Ship immediately car flour as booked three hun-

dred sacks forty eight verabest eighty sacks twenty four verabest eighty sacks forty eight success eighty sacks twenty four success forty sacks forty eight lillie white one hundred fifty sacks thirty five meal fifty sacks seventeen half meal fifteen sacks corn chops send draft first national bank Kerens.

"G. F. Green & Son. 8 P. M."

"Denton, Texas, April 14, 1917.

"G. F. Green & Son, Kerens, Texas—Gentlemen: Replying to your wire for order of a car of flour, we did not know that you were expecting a car from us, for you never gave us acceptance for same. We wrote you on the 3d, telling you the best we could do, and expected to hear from you, but as you did not reply we naturally assumed that you did not want it like we offered it, hence did not protect ourselves. We have read both your letters and copies of ours to you covering this matter. You did accept the booking for 30 day shipment, but when we wrote you that we could not confirm for that shipment you replied on the 2d that we should confirm as we had offered, but did not say then nor later that you would take it for shipment within 15 days.

"Respectfully, Denton Milling Co."

[1, 2] The question is: Do those letters constitute a contract binding the appellant to deliver a car-load of flour in Navarro county? For convenience in analyzing this correspondence it may be divided into two groups; the first consisting of the first three letters, dated March 26th, 28th, and 29th. In these we have a request for prices, then quotation, and an offer to sell upon specified terms. This was followed by an unconditional acceptance. If the offer made by the appellant to sell was unconditional we have all the essentials of a complete contract. But in the appellant's letter of March 28th it expressed a hope to have an acceptance before there was another advance. This justified the inference that the offer then made was conditioned upon an acceptance before another advance occurred. Subsequent correspondence indicates that the acceptance came after an advance in prices, and there is nothing showing to the contrary. That being true, those letters are not sufficient to constitute a binding agreement, and we must look elsewhere for the terms and conditions of a contract to support the judgment rendered. But, assuming that the acceptance of Green & Son was in time, the appellant did not offer to perform any part of its agreement in Navarro county, and for that reason a contract based upon those letters would not authorize the suit to be brought in that county. Birge v. Lovelady, 145 S. W. 1194; Orthwein v. Wichita M. & E. Co., 32 Tex. Civ. App. 600, 75 S. W. 364.

[3] In examining the second group it appears that in its letter of March 31st the appellant calls attention to the advance in the market, but agrees to book the appellees for 25,000 pounds of flour at a $9.50 basis upon terms requiring shipment to be ordered out within 15 days thereafter. In their letter of April 3d replying to this offer the appellees protested against the new terms, and insisted that they had a special reason for wanting the 30-day limit originally tendered.

The appellant answered, explaining the reasons why it imposed the 15-day limit, but making no modification of its last offer. At this stage of the correspondence there was no contractual obligation to be performed by the appellant in Navarro county. Its offer had not been accepted. The appellees had a right to reject the new terms. Having made the offer by mail, the appellant would be bound only in the event it was accepted in a reasonable time. Appellees' reply written the next day was not an acceptance, but an express dissent from the new terms exacted. Ten days later they telegraphed an acceptance specifying the grades and quantities of flour desired, which aggregated 24,000 pounds. On the following day the appellant replied, refusing to make the shipment, upon the ground that the acceptance came too late.

Counsel for the appellees insist that the offer of March 31st was by its terms open for 15 days, and that the telegram was sent within that time. The letter tendered a sale provided the goods were ordered out and paid for by April 15th. A time limit for ordering shipment is entirely different from a limit within which an offer to sell must be accepted. Suppose the appellees had refused to take any of the goods booked; they could not have been held responsible for any damage the appellant might have sustained as a result, because they had not assented to any such terms. The seller certainly should not be held to its offer after receiving a dissent on the following day.

We are of the opinion that the correspondence relied on fails to establish a contract to be performed in Navarro county so as to give the courts of that county jurisdiction. We are not called upon to decide any other issue.

The judgment of the court below will therefore be reversed for the reasons stated, and the cause remanded, with instructions to transfer it to a court of competent jurisdiction in Denton county.