·M. S. MAHON V. R. C. COTTON.

No. 1089.

1. **Venue—Written Contract to Pay in Another County—Tenant Holding Over.**

A tenant residing in one county agreed by the terms of a written lease to pay the rents in another county, and having held over after the expiration of his term, he was sued in such other county for the rents for the second term. Held, that the contract raised by holding over was merely an implied one, and was not within the exception contained in subdivision 5, article 1198, Revised Statutes, providing that a person may be sued in a county other than that of his residence, where he has "contracted in writing to perform an obligation in a particular county."

2. **Same—Exceptions to General Rule.**

One who sues in a county other than where the defendant resides, must bring his case clearly within some one of the exceptions to the general rule requiring suits to be brought in the county of the defendant's residence.

APPEAL from the County Court of Victoria. Tried below before Hon. J. L. DUPREE.

*A. B.* and *W. N. Peticolas,* for appellant.—1. M. S. Mahon had contracted in writing to pay the rent due on a certain lease extending from July 1, 1893, to December 31, 1893, and this rent he had paid, but as this suit was upon an implied contract of lease against him for holding over after the termination of the lease, there could be no written promise to pay the rent, thus impliedly due, in Victoria County. Rev. Stats., art. 1198; Morrison v. Jalonick, 1 Texas Civ. App., 778; Barnes v. Mensing, 75 Texas, 202.

2. To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case by his allegations in the petition clearly within the statute. Austin v. Cameron, 83 Texas, 354; Lindheim v. Muschamp, 72 Texas, 35; Cohen v. Munson, 59 Texas, 237.

*Fly & Hill,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellant in the County Court of Victoria County to recover rents for a hotel in Port Lavaca, Calhoun County. The residence of appellant was alleged to be in Calhoun County, and, in order to fix venue in Victoria County, the petition alleged that appellant had rented the property under a written contract from the first of July, 1893, until December 31, 1893, at a stipulated monthly rent; that, by the contract, appellant agreed to pay the rent in Victoria County; and that upon the expiration of that term,

appellant had held on for another period of six months, and had thereby become liable under the terms of the lease for the preceding term. The defendant pleaded his privilege to be sued in the county of his residence. The court below held the plea not to be well taken, and a judgment was rendered for plaintiff. The ground upon which the suit was held to be well brought in Victoria County was, that the original lease provided for payment of the rent there, and that defendant, by holding over, renewed that contract. It is well settled that where, with the express or tacit consent of the landlord, the tenant holds over after the expiration of his term, he is deemed to hold according to the terms of the original lease. San Antonio v. French, 80 Texas, 575.

But this is only an implication which arises from the conduct of the parties. The law implies, or the courts infer, a contract the terms of which are the same as those of the lease which has expired, but this is not a contract in writing. It is nothing but an implied undertaking. The exception which is relied on to the general rule requiring suits to be brought in the county of the defendant's residence exists "where a person has contracted in writing to perform an obligation in a particular county." Rev. Stats., art. 1194, subd. 5. The obligation here sued on was not contracted in writing, but arose by implication from the acquiescence of the parties, the former written contract being consulted simply to ascertain the terms under which the tenant continues to hold. While the new contract is, in its obligations, the same as the original, it is not in writing. One who sues the defendant in another county than in that in which he resides, must bring his case clearly within one of the exceptions to the general rule. Cohen v. Munson, 59 Texas, 237.

The facts are all admitted in the plaintiff's pleading and the plea of privilege should have been sustained, and the suit dismissed. As no other ground to fix venue in Victoria County is relied on, the judgment will be reversed and the suit dismissed.

*Reversed and dismissed.*

Delivered April 23, 1896.