SELEY & EARLY v. H. S. WILLIAMS.

Decided February 9, 1899.

**1.  Venue—Written Contract—Suit at Place of Performance.**

Bills of lading for carloads of grain ordered by telegram and drafts attached thereto, drawn on the consignee for the amount of the contract price, constitute, under article 1194, Revised Statutes, a written contract to perform an obligation in a particular county (the one where the grain was to be delivered and the draft paid), and the consignee may sue the shipper there for damages resulting from failure of the grain to come up to the quality ordered.

**2.  Contract—Order Not Stating Kind—Seller's Option.**

A telegram requesting the addressee to quote the market price for five cars of corn, a telegram in answer giving prices for two varieties of corn, and an order for the shipment of five cars of corn, do not, where the kind of corn is not stated in the order, constitute a complete contract until the corn is shipped.

APPEAL from the County Court of Colorado. Tried below before Hon. J. J. MANSFIELD.

*John G. Winter,* for appellants.

*W. L. Adkins,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee was a resident of Colorado County, and appellants were residents of the county of McLennan, and this suit was instituted in the County Court of Colorado County, by appellee, to recover of appellants damages for an alleged difference in the quality of five cars of corn sold and delivered by them, and that of the corn which, under the contract of sale, should have been delivered. The defendants, the appellants here, properly pleaded their privilege to be sued in the county of their domicile, and this plea was overruled by the trial court and judgment rendered for the plaintiff, and from that judgment the defendants have appealed to this court, and submit but a single assignment of error; and that is, that the court erred in not sustaining their plea to the jurisdiction of the court of their persons.

If the case is one falling within the fifth exception of article 1194 of the Revised Statutes of 1895, the judgment must be affirmed; otherwise, it must be reversed and the cause dismissed. The exception to the provisions of said article is in these words: "Where a person has contracted in writing to perform an obligation in any particular county, suit may be brought in such county, or in the county where the defendant has his domicile."

The cause was tried by the court without the intervention of a jury, and there is no statement of facts before us, but we have the trial court's conclusions of fact and of law, filed at the request of appellants, and among said conclusions of fact are these: The defendants, W. W. Seley and Eugene Early, composing the firm of Seley & Early, being both residents of the city of Waco, McLennan County, and doing business

as said firm in said county, did, on February 26, 1897, agree in writing with plaintiff, H. S. Williams, to deliver to him at Columbus, Colorado County, Texas, where Williams resided and carried on a grain business, five cars of good sound corn, for which Williams was to pay 34 cents per bushel; that the corn was shipped to the defendants, Seley & Early, at Columbus, Colorado County, and under their instructions was, upon the payment of the price thereof by Williams, delivered to him.    These conclusions are based upon the following facts in evidence, and recited in appellant's bill of exceptions No. 1.

First.    The three following telegrams:

No. 1.    "2-20, 1897.    To Seley & Early, Waco, Texas: Am in market for five cars corn; quote me.    H. S. Williams."

No. 2.    "2-20, 1897.    To H. S. Williams, Columbus, Texas:    Sacked mixed thirty-four; white cent higher.    Seley & Early."

No. 3.    "2-20, 1897.    To Seley & Early, Waco, Texas: Ship five cars all new sks.; part quick shipment.    H. S. Williams."

Second.    Five drafts drawn by Seley & Early on appellee, the first being in these words: "Waco, Texas, 2-26, 1897.    On arrival of car pay to the order of Waco State Bank, two hundred and four dollars, with exchange, value received, and charge to account of c-c. 7128.    Bill of lading attached." (Signed)    "Seley & Early.    No. 7278.    To H. S. Williams, Columbus, Texas."

Which draft was indorsed: "Pay to the order of Simpson B'k. Columbus, Texas.    Waco State Bank.    Meredith A. Sullivan, Cashier.    The Simpson Bank.    Paid March 1st, 1897.    Columbus, Texas."

The bill of lading attached to this draft was issued by the Missouri, Kansas & Texas Railway Company and dated Parsons, Kansas, 2-23, 1897, and showing receipt from J. K. Davidson & Co. of one car of sacked corn, 7128, marked 733600, 211 sax.    Freight prepaid.    Marks, consignee, and destination, shippers' order.    "Notify Seley & Early, Columbus, Texas."    And which bill of lading was indorsed "J. K. Davidson, & Co.;" and it had stamped across its face "Not negotiable unless shipment be consigned to shipper's order;" and also these words: "Canceled by delivery. (Signed)    W. W. Littlefield."    Each of the other four drafts on appellee were of like tenor and effect as the first, except that one was for $194.30 and each of the remaining three were for $170, and to each of said four drafts was attached a bill of lading, each of same date and issued by same railway company to said J. K. Davidson & Co., and of same date and of like import, and with same indorsement and same order, and same words written and stamped upon it as the one above set out, save and except that the numbers of the cars and their weights, and the numbers of the sacks of corn and their weights in each bill differs from those in the others.    The bills of lading and drafts with their several indorsements were offered by the plaintiff in connection with each other; and taken together this court is of the opinion that they constitute a written contract between the parties, obligating the

appellants, upon payment of their several drafts, to deliver to appellee in Columbus, Texas, the corn covered by the bills of lading. It is to be observed that exception fifth to article 1194 does not provide that the contract in writing shall by express words require performance of the contract in a particular county; but if the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then for breach of the contract he may be sued in either of these counties. In this case the appellants caused the corn to be shipped to Columbus, and drew on appellee for its price, to be paid on the arrival of the corn in Columbus; and to their draft attached a bill of lading issued by the railway company by whose road the shipment was made; and the bill of lading being quasi-negotiable, was by its delivery to appellants, with a draft for the price of the corn, an assignment of the bill, and a transfer of the property which it represented, to appellants. Such being the legal effect of the delivery of the bill of lading, the case, this court believes, comes within the above exception to article 1194. Landa v. Lattin, 19 Texas Civ. App., 246; Word v. Edwards, 90 Texas, 131. The contention of counsel that the contract between the parties was made by the three telegrams cited in appellant's bill of exceptions is erroneous, we think. The last telegram does not direct which of the two kinds of corn mentioned in the previous telegram the appellee desired; leaving it optional with the appellants which of the two to ship; and until the appellants shipped the corn, and drew their drafts with the bills of lading attached, the contract was not complete. The judgment is affirmed.

*Affirmed.*