BURKITT & BARNES v. BERRY.

(Court of Civil Appeals of Texas. Galveston. Jan. 15, 1912.)

1. VENUE (§ 7*)—RESIDENCE OF DEFENDANT—WRITTEN CONTRACT.

An order for ties, to be delivered at McNeal Switch, in A. county, at "28 cents f. o. b. cars McNeal Switch," did not import a promise by the buyers, who resided in another county, to pay for the ties at McNeal Switch, so as to deprive them of the privilege to be sued for the price in the county of their residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

2. VENUE (§ 7*)—RESIDENCE OF DEFENDANT—WRITTEN CONTRACT.

A promise, merely implied from a written contract for the sale of goods, to pay the price in a county other than that of the buyer's residence, is not sufficient to deprive the buyer of his privilege to be sued for the price in the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

Appeal from District Court, Angelina County; James I. Perkins, Judge.

Action by S. N. Berry against G. W. Burkitt and L. J. Barnes, partners, doing business under the firm name of Burkitt & Barnes. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

A. R. & W. P. Hamblen and Martin Feagin, for appellants. E. B. Robb, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellants to recover the sum of $942.61, the alleged purchase price of railroad ties sold appellant firm by appellee. Appellants, G. W. Burkitt and L. J. Barnes, are partners, doing business under the firm name of Burkitt & Barnes. The defendant Burkitt is a resident of Anderson county, and the defendant Barnes resided in Harris county, Tex.

The defendants filed pleas of privilege to be sued in the county of their residence, which were overruled by the court. The cause then went to trial with a jury, and a verdict and judgment was rendered in favor of plaintiff for the sum of $787.63. The ruling of the court upon the pleas of privilege is the basis of the first assignment of error.

[1] The only writing evidencing the contract sued on is the following letter: "Lufkin, Texas, 11/15/07. Burkitt & Barnes, Houston, Texas. Dear Sirs: Please give me shipping instructions, and assist me in getting car for what red and pin oak ties I have on side-track at McNeal Switch. Will accept 28 cents f.o.b. cars McNeal Switch for same. It will take about twenty cars or more, and please do what you can to get me the cars at once, and oblige, Yours truly, S. N. Berry." It was shown that the defendant Barnes was at Lufkin, in Angelina county, at the time this letter was written, and in fact wrote the letter for appellee to sign. McNeal Switch is in Angelina county. The intention of both parties was that this letter would evidence the contract for the sale of the ties. The cars were promptly forwarded from Houston, with the instructions required in the letter, and appellee loaded and shipped the ties to the order of appellants.

The only ground upon which appellee claims that appellants' plea of privilege was properly overruled is that this letter is a written contract, to be performed in Angelina county, and therefore defendants must answer to the suit brought against them in that county. The letter does not in itself show any understanding of any kind on the part of appellants. Having accepted the offer by forwarding the cars, and having the ties shipped to their order, appellants would at least prima facie be bound to appellee for the payment of the price stipulated in the letter. But there is no promise, expressed or implied, that such payment should be made in Angelina county. The acceptance of appellee's offer to sell the ties at 28 cents f.o.b. cars at McNeal Switch cannot be considered a promise in writing on the part of appellants to pay for the ties at said switch. The phrase in the letter "f.o.b. cars McNeal Switch" was not intended as designating the place of payment, but was only used to fix the price appellee was to receive for the ties. McCullar Lumber Co. v. Higginbotham Bros., 118 S. W. 885.

[2] If an implied promise to pay in Angelina county is shown, this would not defeat defendants' right to be sued in the county of their residence. The agreement or promise to perform in a county other than that of the promisor's residence, in order to fix the venue in such county, must be in writing, and the right of a defendant to be sued in the county of his residence can only be defeated when the plaintiff brings his case clearly within the exception contained in the statute. Cohen v. Munson, 59 Tex. 237; Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869; Russell & Co. v. Heitmann & Co., 86 S. W. 75.

The judgment of the trial court is reversed, and the cause remanded, with instructions to that court to sustain defendants' plea of privilege and to transfer the case to the proper court of Harris or Anderson county, as plaintiff may elect.

Reversed and remanded.