BIRGE et al. v. LOVELADY.†

(Court of Civil Appeals of Texas. Ft. Worth.
Feb. 24, 1912. Rehearing Denied
March 30, 1912.)

1. VENUE (§ 7*)—PRIVILEGE TO BE SUED IN
COUNTY OF DOMICILE—EXCEPTIONS.

The privilege to be sued in the county of
one's residence, guaranteed by Rev. St. 1895,
art. 1194, is a valuable right.

[Ed. Note.—For other cases, see Venue,
Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

2. VENUE (§ 7*)—PRIVILEGE TO BE SUED IN
COUNTY OF DOMICILE.

One operating cotton seed oil mills in vari-
ous counties contracted to deliver cotton seed
oil and water for cattle of another, without
in terms binding himself to perform the con-
tract in a particular county, in which he was
not domiciled. The contract was performed
in a county in which he did not reside, and an
assignee, claiming under an assignment recit-
ing that the contract provided for the feeding
in such county, sued for breach of contract in
such county. Held that, under Rev. St. 1895,
art. 1194, defining the venue of actions, defend-
ant was entitled to his privilege to be sued in
county of his domicile, since the contract did
not necessarily import an obligation to be per-
formed in the county in which the suit was
brought.

[Ed. Note.—For other cases, see Venue,
Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

Appeal from District Court, Nolan County;
Jas. L. Shepherd, Judge.

Action by John W. Lovelady against N. B.
Birge and another, composing the copartner-
ship of Birge, Forbes & Co. From a judg-
ment for plaintiff, defendants appeal. Re-
versed.

J. F. Holt and H. O. Head, both of Sher-
man, and Hord & Garrett, of Sweetwater,
for appellants. Beall & Beall and C. P.
Woodruff, both of Sweetwater, for appellee.

DUNKLIN, J. N. B. Birge and Thomas
Forbes, composing the copartnership firm of
Birge, Forbes & Co., have appealed from a
judgment rendered against them in favor of
plaintiff, John W. Lovelady, for $3,653 as
damages for alleged failure to furnish the
quantity of water for plaintiff's cattle which
defendants had agreed to furnish by virtue
of the following contract in writing between
defendants and A. D. Shaw and H. W. Skin-
ner, and which contract was by Shaw and
Skinner assigned to plaintiff, with the con-
sent of the defendant:

"State of Texas, County of Nolan.

"This contract made and entered into by
and between Birge, Forbes & Co., lessees, of
Sherman, Texas, acting by and through its
duly authorized officers and agents, herein-
after called party of the first part, and A. D.
Shaw and H. W. Skinner, of Medicine Lodge,
Kansas, hereinafter called party of the sec-
ond part, witnesseth:

"That the said party of the first part has
this day sold and does by these presents sell
unto the party of the second part upon the
terms and conditions hereinafter set forth

150 tons of prime C. S. meal and 800 tons of
C. S. hulls, all to be manufactured during
the season of 1908–1909, sale being made up-
on the following terms and conditions, to
wit: The party of the first part is to sack
the 150 tons of C. S. meal and the sacks are
to remain the property of the party of the
first part and to be returned free of cost by
the party of the second part in as good con-
dition as when received, ordinary wear and
tear excepted, and in case the said sacks are
not so returned, the party of the second part
hereby agrees to pay to the party of the first
part the sum of 5c. for each sack not so re-
turned. The party of the second part here-
by agrees to take said cotton seed meal and
hulls free of any cost whatever to the party
of the first part at their mills in Paret, Tex-
as, and the party of the first part hereby
agrees to deliver to the party of the second
part said cotton seed meal and hulls free
from any cost whatever to the party of the
second part, excepting as herein provided at
their mill in Paret, Texas.

"Deliveries on this contract to be made as
follows: To begin not before November 17th,
and not later than Nov. 25th, 1908, and not
to exceed 120 days from the dates specified
above, said feed to be delivered as required
to feed the 600 head of cattle.

"The party of the second part agrees to
pay to the party of the first part $23.00 per
ton for the cotton seed meal and $4.50 per
ton for the cotton seed hulls at their mill in
Paret, Texas. Payments to be made as fol-
lows: $1.00 per head on the execution of
this contract, which sum shall be forfeited
to the party of the first part on failure by
the party of the second part to comply here-
with, otherwise said amount is to be ap-
plied as last payment on this contract, the
balance to be paid in weekly payments on
Monday of each week, during the continu-
ance of this contract, amounts to equal or
exceed the total amount that may be due up
to and including the date of such payment.
All payments are to be made at the office of
the party of the first part in Paret, Texas.
All past-due accounts to bear interest at the
rate of 8 per cent. for attorney's fees in case
of legal proceedings.

"The party of the first part agrees to fur-
nish pens, troughs and water for the above
600 head of cattle to the party of the second
part (troughs to be furnished at the rate of
one trough to eighteen head of cattle). The
party of the second part agrees to pay to the
party of the first part the sum of 50c. per
head for the use of such pens, troughs and
water.

"Any providence or hindrance rendering
it possible temporarily or permanently for
the party of the first part to fulfill the terms
of this contract shall annul the contract
without damage to the party of the first
part and the subsequent acceptance of any

part of the meal and hulls by the party of the second part shall at the option of the party of the first part revivify the entire contract.

"Witness our hands this 9th day of November, 1908. Birge, Forbes & Co., Lessees, by A. B. Miller, Local Manager. A. D. Shaw, H. A. Skinner, Parties of the Second Part."

The assignment of the contract to plaintiff was in writing, and reads:

"Sweetwater, Texas, Nov. 24, 1908.

"Be it known that the foregoing and attached contract between Birge, Forbes & Co., Lessees, Sweetwater Cotton Oil Mill, party of the first part, and A. D. Shaw and H. W. Skinner, parties of the second part, dated the 9th day of November, 1908, and providing for the feeding of 600 cattle in the pens of said oil mill at Paret, Sweetwater, Texas, is, for a valuable consideration, hereby assigned from the said A. D. Shaw and H. W. Skinner, parties of the second part, to J. W. Lovelady. This assignment being executed in duplicate and a copy hereof attached to each of said contracts in duplicate with the consent of said Birge, Forbes & Co. [Signed] A. D. Shaw and H. W. Skinner, by A. D. Shaw. Birge, Forbes & Co., Lessees, by A. B. Miller, Manager."

The suit was instituted in Nolan county, and the defendants urged a plea of privilege to be sued in Grayson county, where they resided, and error is assigned to the judgment of the court overruling that plea. It was agreed by counsel for all the parties that defendants operated a cotton seed oil mill at Paret, Nolan county, where they furnished to plaintiff feeding pens and feed for his cattle under and by virtue of the terms of said contract; A. B. Miller, defendants' agent, being the manager in charge of the oil plant. It was further agreed that during the time covered by the contract defendants had charge of other oil mills and feeding pens and water at several places in Texas outside of Nolan county. The alleged failure to furnish a sufficient supply of water for 600 head of cattle which plaintiff fed for market in defendants' pens at Paret with cotton seed meal and cotton seed hulls, purchased from defendants under the contract, was the only breach of the contract alleged in plaintiff's petition as basis for his suit for damages. The contract contained an express agreement on the part of defendants to deliver the cotton seed meal and hulls at Paret; and, if the suit had been predicated upon a breach of this obligation, clearly there would have been no merit in the plea of privilege. But the contract to furnish water did not in terms bind the defendants to furnish the same in Nolan county; nor does the contract specifically stipulate that the cattle would be fed in defendants' pens at Paret. As noted already, defendants operated oil mills in counties other than Nolan county. The contract is not ambiguous, and, when considered as a whole it cannot be said necessarily that when it was executed the parties contemplated that the cattle would be fed in defendants' pens situated at Paret.

[1, 2] It is well settled by the decisions in this state that the statutory privilege to be sued in the county of one's residence, guaranteed by Revised Statutes, art. 1194, is a valuable right; and that, in order to maintain a suit against him in some other county, plaintiff in the suit must show clearly that the facts upon which he relies bring the case within some of the exceptions to the general rule. The statutory exception invoked by plaintiff to show a right to institute this suit in Nolan county reads: "Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county or where the defendant has his domicile." If, upon a consideration of the terms of a contract, it can be said that necessarily it imports an obligation to be performed in the county where the suit is instituted, then the exception quoted above applies; otherwise it does not apply. Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869; Cohen v. Munson, 59 Tex. 236; Lasater v. Waits, 95 Tex. 553, 68 S. W. 500; Bomar Cotton Oil Co. v. Schubert, 145 S. W. 1193, opinion by this court, dated February 17, 1912, and not yet officially published.

The recital in the written assignment of the contract that the contract provided "for the feeding of 600 cattle in the pens of the said oil mill at Paret, Sweetwater, Texas," was descriptive only, and not contractual. It was not executed by the plaintiff, and did not impose upon the defendants obligations more onerous than those stipulated in the contract assigned.

For the reasons above noted, the judgment of the trial court is reversed, defendant's plea of privilege is sustained, and the cause is remanded, with instructions to enter an order transferring the suit to the district court of Grayson county in accordance with the requirements of the act of the Thirtieth Legislature, relating to such pleas. General Laws 1907, p. 248.