RUSSELL v. GREEN.     (No. 8248.)

(Court of Civil Appeals of Texas. Dallas. May 31, 1919.)

1. VENUE ⟝7 — OBLIGATION TO BE PERFORMED WITHIN COUNTY OTHER THAN COUNTY OF RESIDENCE.

In action for commission for procuring a loan from a life insurance company, *held*, that defendant residing in L. county did not contract in writing to perform the obligation sued on in D. county, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), authorizing suit in county where defendant has contracted in writing to perform an obligation.

2. EVIDENCE ⟝441(1)—PAROL EVIDENCE.

In determining whether one has contracted in writing to perform an obligation in a particular county so as to control the venue under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the written contract alone can be looked to; parol provisions of the contract being immaterial.

3. VENUE ⟝21—PRIVILEGE TO BE SUED IN COUNTY OF RESIDENCE.

The privilege to be sued in the county of one's residence is a valuable right, and, in order to maintain a suit against him in some other county, facts authorizing it must be clearly shown.

4. VENUE ⟝7 — OBLIGATION BASED ON CONTRACT.

If the statutory exception Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), authorizing suit in the county where defendant has contracted in writing to perform an obligation, is relied on, the contract must contain an express agreement to perform in the county where the venue

is laid, or the court must be able to say that the contract necessarily imports an obligation to perform in the county where suit is instituted.

Appeal from District Court, Dallas County; W. L. Thornton, Judge.

Suit by A. A. Green against W. G. Russell. Defendant's plea of privilege was overruled, and he appeals. Reversed and remanded.

Crane, Crane & Umphres, of Dallas, for appellant.

Seay, Seay & Malone, of Dallas, for appellee.

TALBOT, J. On November 27, 1917, appellee, A. A. Green, a resident of Dallas county, Tex., filed suit in the county court of Dallas county, at law, No. 2, Dallas county, Tex., against appellant, William G. Russell, a resident of Lubbock county, Tex., for commission alleged to be due him by appellant for procuring a loan from the Manhattan Life Insurance Company of New York City under a written contract alleged to have been executed by appellant. The defendant, Russell, filed his plea of privilege in proper form to be sued in Lubbock county, the county of his residence, to which plea of privilege plaintiff, Green, filed controverting affidavit under article 1903, Vernon's Sayles' Revised Civil Statutes, as amended by act of April 2, 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), alleging three grounds for the court's retaining jurisdiction, viz.: First, that the cause of action arose in Dallas county, Tex.; second, that the contract sued on was performable in Dallas county, and plaintiff had performed his part thereof in Dallas county, Tex.; and, third, that said cause of action is based upon a written contract for services rendered, which was performable in Dallas county, Tex., and the work and labor done and services rendered were done by plaintiff in Dallas county, Tex. The case was continued from term to term, without prejudice to defendant's plea of privilege, by appropriate orders of court, until trial was had. Defendant filed special exceptions to the first and third grounds above enumerated, which were by the court sustained, and evidence was heard upon the issue joined by the second ground, to wit, that the contract was performable in Dallas county, Tex. At the conclusion of the evidence, the court overruled the plea of privilege, to which defendant, Russell, excepted, and gave notice of appeal to this court.

The appellee introduced in evidence a mimeographed form of letter signed by defendant, Russell, and a printed form of application for a loan made to the Manhattan Life Insurance Company of New York City,

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as constituting the contract upon which he sued. The letter was as follows:

"Lubbock, Tex., May 24, 1917.

"A. A. Green, Dallas, Texas—Dear Sir: I hereby authorize you to procure for me a loan as per application on this date, and on obtaining which I agree to pay you a commission of two and one-half per centum.

"[Signed] William G. Russell."

The application for the loan was dated Lubbock, Tex., May 24, 1917, and was addressed to the Manhattan Life Insurance Company, New York City, N. Y. It recited that the undersigned "hereby makes application for a loan of $12,500.00 for 5 years, payable $1,500.00 July 1st, 1918, and thereafter annually, balance at maturity of loan," etc., secured by mortgage on property situated in the city of Lubbock, Tex.; the location of the lot, the dimensions of the building upon it, the character of material out of which the building was constructed, and the total value of the property being given. The application also contains some questions propounded to the applicant, and concludes:

"If this application for loan is approved, I agree to furnish abstract of title, title guaranty policy and pay attorney's fees, recording instruments, etc."

[1-4] It is assigned that the trial court erred in overruling defendant's plea of privilege to be sued in the county of his residence, because the undisputed evidence showed that defendant had not contracted in writing to perform the obligation alleged to have been assumed in Dallas county. This assignment, in our opinion, should be sustained. The obligation sued on was not contracted in writing. As will be seen, neither the letter authorizing the plaintiff to procure the loan for the defendant and by the terms of which defendant agreed in the event it was obtained to pay plaintiff the commission sought to be recovered, nor the application of the defendant to the Manhattan · Life Insurance Company for the loan, expressly stipulates that the commission is to be paid in Dallas county. And the rule is that in determining whether one has contracted in writing to perform an obligation in a particular county, so as to control the venue under subdivision 5 of our statute, the written contract alone can be looked to; any parol provision of the contract, if any, being immaterial. Observing this rule, we are unable to see how it can be said that defendant contracted in writing to perform the obligation sued on in Dallas county. In making this statement, we are not unmindful of the decisions in this state that it is to be performed in a particular county to give jurisdiction, and that, if it appears from the writing that it must necessarily be performed in a certain county, the venue is properly laid in that county. But the privilege to be sued in the county of one's residence is, as has been well said, a valuable right, and in order to maintain a suit against him in some other county the facts authorizing it must be clearly shown. If the statutory exception which authorizes suit in the county where the defendant has contracted in writing to perform an obligation is relied on, then the contract must contain an express agreement on the part of the defendant to perform the obligation in the county where the venue is laid, or the court must be able to say, upon a consideration of the terms of the contract, that necessarily it imports an obligation to be performed in the county where the suit is instituted; and, if upon such a consideration this cannot be said, the exception mentioned does not apply. Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869; Birge v. Lovelady, 145 S. W. 1194.

"The rule of construction which has always been applied in this state is that a plaintiff, basing his action upon one of the exceptions, must bring his case clearly within it. The defendant is not to be denied the privilege of being sued where he resides upon a strained or doubtful construction of the exceptional provision." Lasater v. Waits, 95 Tex. 553, 68 S. W. 500.

In the case of McCammant v. Webb, 147 S. W. 693, the appellee sued the appellant in Culberson county, Tex., to recover a balance of $250 alleged to be due on a "well-boring contract." The defendant resided in El Paso county, Tex., and filed plea of privilege to be sued in that county. The substance of the contract was that Webb agreed to bore a well for Mrs. McCammant on land owned by her in Culberson county, moving his well-drilling outfit from Plateau, Tex., to Boracho, Tex., for that purpose. For the services of Webb in boring the well, Mrs. McCammant agreed to pay him $350 and to make payments along as the well was being completed, not to exceed $200. The written contract did not provide any place of payment by Mrs. McCammant, and her obligation to pay the price for the well was the basis of Webb's suit, and its breach constituted his cause of action. The court held that, as the contract did not provide for any place of payment, Mrs. McCammant, notwithstanding the services contracted for were to be performed in the county where the suit was brought, and notwithstanding under the terms of the contract she was to advance and pay for the services as the work progressed, was entitled to be sued in the county of her residence.

The written contract in the present case not only does not provide any place of payment by appellant, Russell, but does not stipulate or expressly show where the services to be rendered by the appellee were to

be performed. There is oral testimony in the record to the effect that it was understood between appellant and appellee that the former was to furnish the latter at Dallas, Tex., an abstract of the title to the property offered as security for the loan in question, to be examined and approved by appellee's attorney there; but this testimony does not, in our opinion, alter the case. The record discloses as appellee's cause of action a debt due the appellee by appellant upon a promise in writing to pay certain commissions for securing a loan of money, and we do not understand that, simply because services in negotiating and securing the loan were rendered in Dallas county, suit on the debt could be maintained in that county under the exception of the statute in question. The contrary was held in McCammant v. Webb, supra.

The admission of the oral testimony in regard to the furnishing of an abstract of title just referred to forms the basis of one of appellant's assignments of error; but since we are of opinion the fact sought to be established by it detracts nothing from appellant's right, in view of the other facts of the case, to be sued in the county of his residence, we need not stop to consider and determine the admissibility of the testimony.

It was agreed in open court by the parties that the appellant, Russell, was at and before the execution of the contract herein sued on a resident of Lubbock county, Tex., and has at all times since resided in said county, and not in Dallas county, Tex. The judgment of the lower court is therefore reversed, appellant's plea of privilege is sustained, and the cause remanded, with instructions to enter an order transferring the suit to the county court of Lubbock county, Tex., in accordance with the statute relating to such pleas.

Reversed and remanded.