## GEO. S. ALLISON & SONS v. HAMIC et al.*
(No. 454–3962.)

(Commission of Appeals of Texas, Section B. April 23, 1924.)

**1. Venue ☞7—Contract to authorize suit in county other than that of defendant's residence must plainly provide for performance of obligation therein.**

Under Rev. St. art. 1830, subd. 5, authorizing suit in county in which defendant has in writing contracted to perform an obligation, a plaintiff, to bring his suit in county other than that in which the defendant resides, must bring his case clearly within such statute, and the writing must plainly provide, either expressly or impliedly, that the obligation is to be performed in a county different from that in which the defendant resides.

**2. Venue ☞7—Suit on contract for installation of water tank could not be brought in county in which plaintiff's ranch was situated, notwithstanding defendant's residence in other county, where contract did not specify place of installation.**

Action for breach of contract for installation of water tanks, not specifying place where tanks were to be installed could not be brought in county in which plaintiff's ranch was situated, where not the county of defendant's domicile, under Rev. St. art. 1830, subd. 5, providing that suit may be brought in county other than that of defendant's domicile, where defendant has contracted in writing to perform an obligation in such other county.

**3. Evidence ☞417(9)—Parol proof not admissible to supply provision of written contract as to place of performance.**

Where written contract for installation of water tanks did not specify place of installation, parol proof was not admissible to supply provision of contract as to place of performance, so as to warrant the commencement of suit thereon in county in which plaintiff's ranch was situated, notwithstanding defendant's residence in other county, under Rev. St. art. 1830, subd. 5.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied May 28, 1924.

Action by Geo. S. Allison & Sons against John T. Hamic and another. An order overruling defendants' plea of breach was refused, and the case was ordered transferred by the Court of Civil Appeals (247 S. W. 918), and plaintiffs bring error. Affirmed.

C. R. Sutton, of Marfa, Blanks, Collins & Jackson, of San Angelo, for plaintiffs in error.

Mead & Metcalf, of Marfa, for defendants in error.

STAYTON, J. Hamic and others contracted in writing to install for Geo. S. Allison & Sons two water tanks fitted with drinking troughs, warranting against leakage and unsatisfactory service. This suit was brought for damages by reason of an alleged breach of the warranty, and, a plea of privilege having been urged by defendants and carried with the case, venue was, by the final judgment, sustained in Pecos county, in which none of the parties resided or had their domicile. The judgment was reversed by the Court of Civil Appeals. 247 S. W. 918.

In the written contract there was no express or implied mention of the place or county of performance of defendants' obligation. However, at the time of its execution, the parties contracted orally that it was to be performed in Pecos county, where plaintiffs had their ranch and live stock. The parties concede that, in so far as the parol negotiations and the circumstances were concerned, the obligation of defendants was necessarily performable in the county and on the ranch mentioned. The application for writ of error was granted because of alleged conflicts between the decision of the Court of Civil Appeals granting the plea of privilege and other decisions presently mentioned.

No doubt is had as to the correctness of the disposition of this case below, upon the grounds stated by Justice Walthall. The general statutory rule is that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile. The exception to it that is invoked by plaintiff is that, "where a person has contracted in writing to perform an obligation in any particular county," suit may be brought either in that county or in the county of defendant's domicile. R. S. art. 1830, subd. 5.

When this statute was first enacted, the exception omitted the words "in writing," but in other respects was the same. The evident purpose of the change was to reduce to certainty, and not leave to the uncertainty of mere recollection or, in some instances, to false testimony, the designation of the place of performance of any obligation that might become the subject of suit. There was no purpose in view as to contracts or obligations in general. The matter of what contracts and obligations should be in writ-

ing had already been regulated by the statute of frauds. The occasion of the amendment to the venue statute could only have been to insure that, as to any contract or obligation, whether it be written, or partly written and partly unwritten, the obligor should have the right of not being sued outside the county of his domicile, unless his obligation was by the terms of the contract performable in another county and was performable in another county, moreover, because of a written engagement to that effect.

[1, 2] It has been settled that "this is an exception to a general rule and must be construed as such," that in order to avail himself of it, plaintiff "must bring his case clearly" within it, and that the writing "should plainly provide that the obligation for the breach of which the defendant is sued is to be performed in a county different from that in which the defendant resides." Cohen v. Munson, 59 Tex. 236; Holloway v. Blum, 60 Tex. 628; Lindheim v. Muschamp, 72 Tex. 35, 12 S. W. 125; Behrens, etc., Co. v. Hamilton, 92 Tex. 287, 48 S. W. 5; Lasater v. Waits, 95 Tex. 555, 68 S. W. 500. And it has been equally settled that this provision, while it must be plainly present in the writing, may be either stated expressly, as by naming the county of performance, or stated through necessary implication, as by naming a place that is to be found only in a particular county. The holding of the Court of Civil Appeals in the present case was that the suit could not be maintained in Pecos county, unless the written portion of the contract contained an express agreement on the part of defendants to perform the contract in that county or contained such reference, statement, or terms as that the court might be able to say that the written portion of the contract necessarily imputed an obligation to perform in that county. This holding accords with the law as the Supreme Court has construed it in the cases already mentioned, and with the decisions of each of the eight Courts of Civil Appeals, beside the court below, that had been organized at the time of this judgment. Kellner v. Ramdohr (Tex. Civ. App.) 207 S. W. 169; Valdespino v. Dorrance (Tex. Civ. App.) 207 S. W. 651; Harris v. Moller (Tex. Civ. App.) 207 S. W. 963; Burkitt v. Berry (Tex. Civ. App.) 143 S. W. 1187; Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 560; Gaddy v. Smith (Tex. Civ. App.) 116 S. W. 164; Strawn Merchandise Co. v. Texas Grain Co. (Tex. Civ. App.) 230 S. W. 1094; Mendenhall v. Brown (Tex. Civ. App.) 252 S. W. 241; Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Pittman & Harrison Co. v. Robey & Co. (Tex. Civ. App.) 234 S. W. 1115; Ogburn, etc., Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 52; Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715; Jordan v. West Texas Gin Co. (Tex. Civ. App.) 242 S. W. 543.

The plaintiffs contend that, if the contract was necessarily performable in Pecos county, venue lay in that county, whether there was written expression or implication in the contract leading to that conclusion or not, and cite as sustaining their view, and hence, as conflicting with the decision of the Court of Civil Appeals, a number of cases for the most part following Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399. In considering these cases, it must first be noted that the decision in Seley v. Williams was that, where a written contract states the town of performance, it gives the option of venue in the county in which the town is situated because:

"If the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then for breach of the contract he may be sued in either of these counties."

To this effect Justice Pleasants' opinion in that case was preceded by Yeager v. Focke, 6 Tex. Civ. App. 542, 25 S. W. 663, and was followed by Bell Co., etc., v. Cox, etc., 33 Tex. Civ. App. 292, 76 S. W. 607, Callender, etc., v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366, and Presnall v. Adams (Tex. Civ. App.) 214 S. W. 357, and (as to quarries already opened) by Darragh v. O'Connor (Tex. Civ. App.) 69 S. W. 644. The remaining cases cited by plaintiffs proceed from the same principle, but apply it to situations where the place was to be determined as a matter of written contractual right after the execution of the contract. Darragh v. O'Connor (Tex. Civ. App.) 69 S. W. 644 (as to quarries not yet opened), and County School Trustees v. Wagner (Tex. Civ. App.) 242 S. W. 532.

No opinion is necessary or is expressed here as to whether what was decided to be a written obligation in each of these cases was actually part of the contract in suit, as to whether the necessary implication as to the county of performance properly followed in each of the cases from the writing, nor as to whether the fixing of the county of performance, as in the latter two of the cases, could be left to future events involving the acts of one or the other of the parties. The decision in each of the instances is at least to the effect that, to defeat venue in the county of defendant's residence in a case depending upon subdivision 5 of the statute, the terms of the contract must either expressly or by necessary implication be the means of fixing the county of performance of the obligation sued upon, and that is sufficient to distinguish those decisions from the one at bar. In the case at bar no written means or clue whatever was furnished from which the county of performance of defendants' obligation could be determined, and for that reason, at least, the exception did not apply under the rulings in any of the cases that have been cited.

A second position of the plaintiffs is that a written contract, and even a contract required to be in writing under the statute of frauds, may be the subject of litigable rights, although parol evidence be necessary to connect it with its subject-matter, and that therefore a contract which is required to be in writing under this fifth exception to the rule of venue may give rise to rights enforceable in the county of suit, although parol evidence be necessary to show the county of performance on the part of defendant. The argument is thorough, but not convincing, for several reasons.

In the first place, the authorities cited go only to the extent of holding that, in the event of ambiguity or incompleteness in the very words of a written contract, parol evidence may be resorted to for the purpose of making that certain which is, indeed, stated in the contract, but in an uncertain manner. This line of cases is best illustrated by the holding in one of them (Watson v. Baker, 71 Tex. 739, 9 S. W. 867) that the subject of the contract "must appear from the memorandum," and that "parol evidence cannot add to an imperfect contract a material part in order to sustain it, but it can apply a description in it to the subject." But in the case now before the court the subject of the county of performance is not at all touched by the written contract.

[3] In the second place, no case has been cited, and it may be confidently assumed none can be found, which holds that entirely all of that which the law requires to be in writing may be supplied by parol. For instance while a description in a written contract to convey land, such as "our ranch in Pecos county," may in certain cases be applied to the subject-matter by parol, the whole contract cannot be supplied or made by parol, because the law requires it to be in writing; and for the same reason, while an indefinite written contract on defendants' part to perform an obligation in the contract sued on, such as that "the tanks are to be erected on our ranch in Pecos county," may in certain cases be applied to the subject-matter of the obligation by parol, the whole obligation as to the place of performance cannot, from the standpoint of venue, be supplied or made by parol, because the law requires that such obligation be in writing.

And finally, even if there should be such a rule with regard to written contracts as is contended for by plaintiffs, and even if, under it, subject-matters entirely exterior to the writings themselves may be established by parol, the same rule should not apply under the venue statute, which is designed primarily to relieve defendants of the injustice and inconvenience of traveling long distances and into strange neighborhoods to litigate suits against them, including even

the very questions of venue. The great area of the state furnishes here a peculiar public policy, that is present in this and numerous other laws, in a way and to an extent not found in other jurisdictions, nor in the rules of law governing written contracts in general. Early cases describe a defendant's privilege as a "valuable right," not to be "frittered away"; and the constant tendency has been toward perfecting, instead of departing from, this right by exceptions, evasions, and obstructions. Holloway v. Blum, 60 Tex. 628; Lasater v. Waits, 95 Tex. 555, 68 S. W. 500; Acts 1907, p. 248 (simplified plea of privilege); same act (nonwaiver by process or depositions); Acts 1913, p. 424, being Vernon's Sayles' Ann. Civ. St. 1914, art. 1830 (suits by assignees); Acts 1917, c. 176, being Vernon's Ann. Civ. St. Supp. 1918, art. 1903 (contest practice); Craig v. Pittman, etc., Co. (Tex. Civ. App.) 250 S. W. 671; Schuchmacher Co. v. Dolive (Tex. Com. App.) 250 S. W. 673; International Trav. Ass'n v. Powell, 109 Tex. 550, 212 S. W. 931.

The plaintiffs suggest that one of the phrases of the contract under consideration should be treated as if filled in to designate, a place in Pecos county, and that, if so viewed, it would sufficiently constitute that as the county of performance of the obligation to install. The words to which they refer are that the water tanks, drinking troughs, or other structures were to be made of cement staves and erected at the earliest possible convenience, "and shipped to ———, Texas." That there was a right to fill in or explain the blank in a case of this sort is doubted, but whether there was or not need not be decided, because, even should the contention be correct that a place within Pecos county may be read into the blank space before the word "Texas," it would throw no necessary light upon the place of performance of the obligation to install the structures and to furnish satisfactory service by them. The defendants might have shipped to any point suggested or afterwards supplied, and still have been in default of the actual understanding of the parties as to the county in which they were to be erected. In other words, the obligation, so expressed, would not be or involve the one which is the basis of this suit. Consequently, as to the latter, venue could not lie in this suit in any other county than that of defendants' domicile, except by reason of waiver or consent on their part. Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 560; Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.