## RATHBURN v. ROYAL.   (No. 3231.)

(Court of Civil Appeals of Texas. Texarkana. April 15, 1926.)

**Justices of the peace ⬤⇒72—Employé cannot sue nonresident employer for salary, in justice court in county of employé's residence, though there was implied promise in writing to pay such salary there (Vernon's Ann. Civ. St. Supp. 1918, arts. 1903, 2308).**

Employé cannot sue nonresident employer for salary, after wrongful discharge in justice court in county of employé's residence, though there was implied promise in writing to pay salary there, and defendant's plea of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, should have been sustained, since promise of performance, to be within fourth exception to article 2308, must be express.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Action brought in the justice court by J. H. Royal against Don Rathburn. Judgment for plaintiff in such court and also in the county court on appeal, and defendant appeals. Reversed and rendered.

Carothers & Brown, of Houston, for appellant.

J. M. Gibson, of Houston, for appellee.

WILLSON, C. J. Appellant, engaged in business as a merchant in El Paso, with a branch house in Houston, employed appellee.

first as a salesman and then as manager of the branch house, agreeing to pay him $195 a month for his services. Claiming he was wrongfully discharged, and that appellant was liable to him for the salary he would have earned for the month of March, 1924, had he not been discharged, appellee commenced this suit against appellant in a justice court of Harris county. Appellant resided in justice precinct No. 1 of El Paso county, and filed a plea conforming to the requirements of article 1903, Vernon's Statutes, as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), claiming a right to be sued there. Appellee controverted appellant's said plea on the ground that his suit was on a contract in writing for services to be performed by him for appellant in Harris county, and that appellant "assumed the obligation to pay him for said services in Harris county, Tex., and the defendant was obligated to pay said plaintiff and did as a rule pay the plaintiff in Harris county, Tex." At the hearing the justice court overruled appellant's plea and then rendered judgment in appellee's favor for $195, the amount sued for. Appellant having prosecuted an appeal to the county court, that court rendered a like judgment against him; whereupon he prosecuted this appeal.

Appellant insists, and we agree, that the case on its facts was not within the fourth exception (invoked by appellee) to the requirement in article 2308, Vernon's Ann. Civ. St. Supp. 1918, that "every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides," and that it was error requiring a reversal of the judgment against him to overrule his "plea of privilege."

Said fourth exception, so far as it is material, is as follows:

"Suits upon a contract in writing promising performance at any particular place, may be brought in the county and precinct in which such contract was to be performed."

The contract sued upon was evidenced by correspondence between appellee and appellant. Nothing was said in any of the letters about where the salary appellee was to receive was to be paid. The most appellee could claim from the correspondence was that appellant impliedly promised to pay his salary in Harris county. It is held that an implied promise is not sufficient—that the promise must be an express one or the contract sued upon must necessarily import an understanding to pay in the place where the suit was commenced. Russell v. Green (Tex. Civ. Civ. App.) 145 S. W. 1194; Burkitt & Barnes App.) 214 S. W. 448; Birge v. Lovelady (Tex. v. Berry (Tex. Civ. App.) 143 S. W. 1187; Valdespino v. Dorrance (Tex. Civ. App.) 207 S. W. 649; Mahon v. Cotton, 35 S. W. 869, 13 Tex. Civ. App. 239; Casey v. Carr (Tex. Civ. App.) 148 S. W. 601; Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299. The case last cited was like this one, in that the plaintiff sued for salary he claimed to be due him under a contract in writing covering his employment by the defendant to work for him and his partner. There, as here, the contract did not state where the salary was to be paid, and the court held that a right to sue the defendant in another county than the one in which he resided could not be predicated on the contract.

The judgment will be reversed, and judgment will be here rendered sustaining the plea of privilege and directing the clerk of the county court of Harris county to make up a transcript of all the orders made in the cause, certify thereto under the seal of said court, and then transmit same, with the original papers in the cause, to the justice court for precinct No. 1 of El Paso county. Lewis v. Florence (Tex. Civ. App.) 217 S. W. 1116.