Black v. Epstein.

---

# M. H. BLACK, Respondent, v. SIMON EPSTEIN, Appellant.

## St. Louis Court of Appeals, April 1, 1902.

1. **Note, Suit on:** NO VARIANCE: SURPRISE. Petition alleged that defendant made and delivered to plaintiff a note for $7,550 and that as part of said note it was agreed in writing that the note should be paid in three payments, January 1, 1900, July 1, 1900 and January 1, 1901. Plaintiff offered in evidence a note dated May 1, 1899, payable in nineteen months, and having beneath the note an agreement as to payments as stated in the petition. Defendant objected to the note on the ground of variance in that the note became fully due in nineteen months; *Held,* that there was no variance between the instrument declared on, and the one received in evidence, and nothing that could in any way surprise or prejudice defendant.

2. ———: CONTEMPORANEOUS AGREEMENT: CONSTRUED TOGETHER. Defendant's answer admitted the execution of the note described in the petition, and averred that the clause below the signature was no part of the note; *Held,* that the clause below the signature is a part of the instrument as much as the clause above, for the presumption is, that it was a contemporaneous

agreement, and the meaning of the entire instrument is to be gathered from its four corners.

3. ———: ASSERTIONS NOT FALSE REPRESENTATIONS. The assertions made by the seller in the purchaser's presence that the business would make a "bushel of money a day," and similar prophecies and puffs, were not false representations such as would avoid the purchaser's note given for the business.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Frederick A. Wind* for appellant.

(1) The petition charges an agreement "in writing between the said defendant and the said I. M. Spitz and the plaintiff," and hence its execution did not have to be denied under oath in order to require evidence of its execution before its introduction in evidence. Kelly v. Ihney, 143 Mo. 436. (2) The court erred in excluding testimony offered by defendant of representations made by Black that the business was prosperous, and that the note could be paid by Spitz out of the profits of the business. Cottrill v. Krum, 100 Mo. 402; Warmell v. Kain, 57 Mo. 478; Bank v. Hunt, 76 Mo. 439. (3) For the same reason the court erred in excluding testimony offered to show the financial condition of the business, and reputation as to solvency.

*Chester H. Krum* for respondent.

The petition alleges that the appellant and one I. M. Spitz made and delivered to the plaintiff their promissory note, and that, as part of the note and evidenced thereby, it was agreed in writing between the appellant and I. M. Spitz and the respondent that the amount of the note should be paid in three payments, the first being on January 1, 1900, the

second July 1, 1900, and the third January 1, 1901.　The petition alleges that on the sixteenth day of January, 1900, the appellant made a payment of $2,000 on account of the first payment thus contracted for.　The answer admits that the respondent and I. M. Spitz executed the note described in the petition.　It follows from this admission that the paper, as sued on by the respondent, which was not only in part technically to be considered a note, but also in part provided for three payments, was executed by the appellant and Spitz. There was only one paper or agreement sued on and its execution was thus admitted by the answer.　Hence, there was no merit in the objection to the introduction of the paper; there was no merit to the demurrer offered to the evidence at the close of respondent's case, and there is no merit in the point now made.

GOODE, J.—A judgment was recovered in the court below on the following instrument:

"St. Louis, May 1, 1899.

"Nineteen months after date we promise to pay to the order of M. H. Black seven thousand five hundred and fifty dollars, with interest at the rate of six per cent per annum from date until paid, for value received, negotiable and payable without defalcation or discount.

"I. M. Spitz,
"Simon Epstein."

"It is further agreed between M. H. Black, Simon Epstein and Isidor M. Spitz that the amount of seven thousand five hundred and fifty dollars, embracing the above note, shall be paid in three payments, with interest included, viz.: January 1, 1900; July 1, 1900, and January 1, 1901.　It is also agreed by M. H. Black that the above note shall not be offered for discount to any bank or private party."

When the above note was offered in evidence, appellant objected to its admission on the ground that it was not the paper described in the petition, since the petition describes a note payable in three installments of twenty-five hundred dollars on the first days of January and July, 1900, and the first day of January, 1901; whereas the above instrument became fully due nineteen months after date.

It is important to notice the petition and answer in this connection. The petition contains the following averments:

"The plaintiff states that heretofore, to-wit, on the first day of May, 1899, the defendant and I. M. Spitz made and delivered to the plaintiff their promissory note (herewith filed) whereby they promised, for value received, to pay to the order of plaintiff the sum of seven thousand five hundred and fifty dollars, without defalcation or discount, with interest at the rate of six per cent from date; that, as part of said note, and the agreement evidenced thereby, it was agreed in writing between the said defendant and the said I. M. Spitz and the plaintiff that the amount of the said note together with the interest thereon, should be paid in three payments, to-wit: on January 1, 1900, July 1, 1900 and January 1, 1901; that, on the sixteenth day of January, 1900, the said defendant made a payment of two thousand dollars on account of the first payment of one-third of the note, and interest due to said date; that on the first day of July, 1900, under the terms of the said agreement, the second payment became due."

By the most extreme and technical construction there was obviously no variance between the instrument thus declared on and the one received in evidence—nothing that could in any way surprise or prejudice the appellant.

The answer says: "Now comes defendant and admits that he and I. M. Spitz executed the note described in the petition, and denies each and every other allegation in the petition contained."

The second paragraph states that plaintiff and Spitz were

Black v. Epstein.

engaged in the printing and manifold business under the firm name of I. M. Spitz & Co., and Black and Spitz made certain false representations to the appellant relying on which appellant signed the note in question. The representations and allegations to show their falsity are set out in the answer.

It thus appears that appellant admitted the execution of the instrument in suit in both counts of his answer, and to obviate the force of those admissions he now contends that he only admitted the execution of the *note* described in the petition, and that the clause below the signatures is no part of the note. That is putting too fine a point on the matter. The petition expressly states "that as part of said note and the agreement evidenced thereby, it was agreed in writing," that the note should be paid in three installments. Moreover, the clause below the signatures is a part of the instrument as much as the clause above; the presumption is that it was a contemporaneous agreement and the meaning of the entire instrument is to be gathered from its four corners. This is settled law. Mo. Pacific R'y Co. v. Levy, 17 Mo. App. (St. L.) 501; Warrington v. Early, 2 Ellis & Bl. 763.

There is no merit in this assignment.

Complaint is also made that the court below erred in excluding testimony offered by the appellant of representations made by Black that the business of I. M. Spitz & Co. was prosperous and that the note could be paid by Spitz out of the profits of the business. The only defense made to this action was that Black wanted to sell out his interest in the business to Spitz (who, by the way, is Epstein's son-in-law), that Spitz wanted to buy Black out, and the two conspired together to induce Epstein to indorse Spitz's note for the purchase money by making false representations about the business.

The evidence admitted by the court to establish this allegation took a wide range, even permitting inquiry as to whether Black did not take part in bringing about the marriage between Spitz and Epstein's daughter as a preliminary

to unloading his interest in the business on Epstein. But the only statement claimed to have been made by Black or Spitz which was material as relating to a matter *in praesenti*, was that the machinery and stock were all paid for. We do not think Spitz's assertions in Black's presence that the business would make a bushel of money a day, and similar prophecies and puffs, were such false representations as would avoid the note.

Certain authorities are cited by the appellant, the general purport of which is that when a person has a peculiar knowledge in regard to a business on account of his intimate connection with it, statements about its prosperity or condition will not be held mere expressions of opinion; but none of those authorities, nor any of which we are aware, would make any of the evidence excluded in the present case competent.

No declarations of law were asked by either party, and as the foregoing disposes of the questions raised, the judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.