## ALLISON et al. v. HAMIC et al. (No. 1154.)

(Court of Civil Appeals of Texas. El Paso. Dec. 16, 1920.)

1. **Appeal and error** ☞931(1) — **Issues presumed to have been decided against appellants in absence of findings of fact.**

Where no findings of fact were filed by the trial court, it must be presumed by the Court of Civil Appeals that all issues of fact raised by the evidence were decided against the appellants.

2. **Contracts** ☞163—**Rubber stamp indorsement at head of contract held a part thereof.**

The words, "Payable at Marfa, Texas," stamped with a rubber stamp at the head of the written contract at the time of its execution, intended and understood by the parties to constitute a part of the contract, held a part thereof as against objection that it could not be considered a part thereof because the contract was clearly expressed in the body thereof.

3. **Venue** ☞7 — **Action on contract properly brought in county in which payment was to be made.**

Action for balance due on contract was properly brought in county in which payment was to be made, though defendant did not reside therein.

Appeal from Presidio County Court; K. C. Miller, Judge.

Suit by John T. Hamic and others against George S. Allison and others. From an order overruling defendants' plea of privilege, defendants appeal. Affirmed.

C. R. Sutton, of Marfa, and Blanks, Collins & Jackson, of San Angelo, for appellants.

Mead & Metcalfe, of Marfa, for appellees.

HIGGINS, J. Appellees, doing business under the name of Interlocking Cement Stave Silo Company, brought this suit in Presidio county against the appellants, doing business under the name of George S. Allison & Sons, to recover a balance due upon a written contract whereby the appellants ordered and purchased of the appellees two large water tanks and drinking troughs agreeing to pay therefor the sum of $1,700. The contract was upon a printed form signed by the parties in duplicate. Upon one of the copies the words "payable at Marfa, Texas," were stamped with a rubber stamp, the indorsement appearing at the head of the contract, thus:

"Payable at Marfa, Texas. Contract with Interlocking Cement Stave Silo Co., San Angelo and Marfa, Texas. $1,700.00. Marfa, Texas, Jan. 15, 1917."

The other copy of the contract was a carbon impression, the signatures thereon being made by carbon impression when the other copy was signed. The carbon copy did not have the words "payable at Marfa, Texas," stamped thereon. The carbon copy was delivered to the appellants at the time the contract was made. The appellees retained the other copy.

Appellants filed a plea of privilege claiming the right to be sued in the county of their residence. By a controverting affidavit the appellees set up that the purchase price was payable at Marfa, in Presidio county, by virtue of the indorsement upon their copy of the contract of the words "Payable at Marfa, Texas."

Upon hearing before the court without a jury, the plea of privilege was overruled, and the defendants appeal from that order.

## Opinion.

[1] No findings of fact were filed by the trial court, and it must be presumed by this

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court that all issues of fact raised by the evidence were decided against the appellants by the court below.

It is contended by appellants that the rubber stamp provision making the purchase money payable at Marfa cannot be considered a part of the contract because the contract is clearly expressed in the body thereof and because of the position of the indorsement and it not being specifically referred to in the body of the contract.

Appellants cite a number of cases, holding that marginal figures and notations are not to be considered a part of the contract; also, cases holding that printed memoranda on billheads or letter heads cannot contradict or modify the clear and explicit language of a contract written thereon.

But "it is also well settled that any memorandum or agreement of the parties, written across the face or on the back of the instrument contemporaneously with its execution, and intended and understood by them to constitute a part of the contract, is a substantive part of such note, and limits and qualifies it in the same manner as if inserted in the body of the instrument itself, and, with it, constitutes a single contract." Goldman v. Blum, 58 Tex. 630. See, also, Corpus Juris, vol. 8, p. 191, § 323; Corpus Juris, vol. 8, p. 85, § 136; A. & E. Enc. of Law, vol. 4, p. 140; Black v. Epstein, 93 Mo. App. 459, 67 S. W. 736; Gaddy v. Smith, 116 S. W. 165; 1 Daniel, Neg. Inst. (5th Ed.) § 151.

[2, 3] There is evidence in the record to sustain a finding that the words "Payable at Marfa, Texas," were on the face of the copy retained by appellees at the time of its execution, and that it was intended and understood by the parties that this provision should be a part of the contract. If this be true, it became a part of the contract, and the suit could be maintained in Presidio county.

Another proposition advanced is that the carbon copy delivered to appellants will control in case of conflicting provisions in the two copies. It may be conceded that both copies are to be regarded as originals, but there is direct evidence that the failure of the copy delivered to appellants to have the provisions stamped upon it was due to inadvertence or oversight.

One of the copies having the provision stamped upon it making Marfa the place of payment with the intention and understanding that such provision should become a part of the contract would give to that copy controlling effect over the other.

The presumed findings of the trial court control all questions presented by this appeal.

Finding no error, the judgment is affirmed.

