## COUNTY SCHOOL TRUSTEES OF EASTLAND COUNTY et al. v. WAGNER.
### (No. 1353.)

(Court of Civil Appeals of Texas. El Paso.
June 8, 1922. Rehearing Denied
June 22, 1922.)

Venue ☞7—Lessee under oil lease held to have bound himself to deliver oil ⸢in certain county authorizing suit therein.

Lessee having obligated himself to deliver oil in tanks to which he should connect the wells, and having connected with tanks in a certain county, he thereby bound himself to deliver in the county where the tanks were located, and lessors were entitled, under Rev. St. art. 1830, subsec. 5, to bring action in such county for the value of oil alleged to have been converted in violation of the terms of the lease.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by the County School Trustees of Eastland County and District Trustees of District No. 4 against Warren Wagner, in which defendant filed a plea of privilege. Defendant dying, Norma Wagner, as temporary administratrix and individually, and minor heirs, were made parties defendant. From an order transferring the case, plaintiffs appeal. Reversed and remanded.

Sayles & Sayles, of Eastland, for appellants.

Samuels & Brown, of Fort Worth, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellee.

HARPER, C. J. This action was instituted by county school trustees of Eastland county and district trustees of district No. 4 (known as the Merriman school district) against Warren Wagner, alleging his residence to be in Tarrant county, Tex., for the value of 5,524.75 barrels of oil alleged to have been converted by defendant in violation of the terms of a contract of lease.

Wagner filed his plea of privilege to be sued in the county of his residence.

Plaintiffs filed their controverting plea to the effect that this suit is upon a written contract signed by said Wagner to perform the obligation in Eastland county, and is therefore within the exception of article 1830, Rev. Stat. of Texas, as set out in subsection 5 thereof.

After filing plea of privilege and before the hearing Wagner died, and Norma Wagner, as temporary administratrix and individually, and the minor heirs, were made parties defendants.

The court sustained the plea and transferred the case to Tarrant county, from which order an appeal was taken.

There is one assignment of error which reads:

"The trial court erred in rendering order and judgment sustaining defendant's plea of privilege and transferring this cause to the district court of Tarrant county, Tex., in that plaintiff's cause of action is for damages for failure to deliver royalty oil under an oil and gas lease contract executed, delivered, and signed by Warren Wagner, deceased, wherein he contracted in writing to perform in Eastland county, Tex., his obligation to deliver such royalty oil."

The lease is first:

Trustees, as first part, and Wagner, second part, "witnesseth that the said lessor, for and in consideration of $2,500.00 cash in hand paid * * * and of the covenants and agreements hereinafter contained and the part of lessee to be paid kept and performed, lease and let unto said lessee, for the sole purpose of mining and operating for oil and gas and laying pipe lines and building tanks * * * structures thereon to produce save and take care of said products, all that certain tract of land," etc.

"* * * In consideration of the premises the said lessee covenants and agrees:

"First. To deliver to the credit of lessor free from cost in the tanks to which he may connect his wells the equal one-eighth part of all oil produced and saved from the leased premises."

In addition to the above lease the following testimony of witness McDonald was introduced in evidence:

"The Merriman school property is situated in Eastland county, Tex. Referring to the map exhibited to me, there were not, that I know of, any overflow or storage tanks than the three tanks shown on the map receiving oil from any well on the Merriman school tract except the well south of the school building and the one on the corner of No. 3, and the oil on those two ran into four tanks on the west side. I don't know whether those four tanks were on the school property or Mr. Brewer's property, but they received the oil from those two tracts. The oil that ran from the Merriman school tracts ran through the Wagner pipe lines, which lines were connected with the tanks that I have been talking about."

The witness testified on cross-examination:

"Storage tanks could be put a good ways from the wells by using pumps. But my understanding is that, when they put the oil on the pumps, it then begins to go into the pipe line, into the storage tanks—5,500 gallons. These storage tanks I have mentioned were placed there after the well was begun. They were not there on June 12, 1918, at the time Warren Wagner made his lease of this property, that I know of. I know, they were not there at that time, because I passed there and they were not there then. The producers built the storage tanks, is my understanding."

On redirect examination the witness testified:

"My estimate would be that these storage tanks of the Merriman school tracts are not any closer than 12 miles to the county line in any direction. That would put them about the center of the county."

Appellants' point is that Warren Wagner, by the above-quoted contract, obligated himself to deliver one-eighth of the oil produced "in the tanks with which he may connect his wells," and, having connected the wells by pipe line to tanks in Eastland county, he became obligated thereby to deliver in said county, and therefore this suit was properly brought in said county, and they cite the case of Gaddy v. Smith (Tex. Civ. App.) 116 S. W. 164. By the contract in this case Smith obligated himself to deliver wood f. o. b. Rosewood or Waco. Rosewood is in Upshur county, and Waco in McLennan county. The suit was brought in the latter county, and defendant plead his right to be sued in Upshur county, where he resided. Held:

"Granting that the defendant had the right * * ˉ* to have delivered the wood at Rosewood, * * * still, having failed * * * to deliver any wood, * * * ˉhis option was thereby terminated, and the privilege to sue under the contract in McLennan county by reason thereof at once inured as a privilege to the plaintiff."

But appellee argues that, Wagner not being obligated by the contract to place tanks in any particular county, the ruling in this case does not apply to the contract in the instant case, but we are of the contrary opinion. Wagner clearly obligated himself to deliver the oil in the tanks to which he connected the wells, and, having connected with tanks in Eastland county, he thereby bound himself to deliver in said county, and the terms of the statute fix the venue there.

Reversed, and remanded for further proceedings in Eastland county.