### HAMIC et al. v. GEORGE S. ALLISON & SONS. (No. 1402.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 18, 1923. Rehearing Denied Feb. 15, 1923.)

1. **Evidence ⏣441(1)—Parol evidence as to place of written contract not looked to in determining question of waiver to be sued in county of residence.**

In action for damages alleged as sustained for breach of a written contract to erect water tanks on plaintiff's ranch in A. county, where, by Rev. St. 1911, art. 1830, subd. 5, defendants would have the right to have the case tried in B. county, the place of their domicile, unless they had contracted to perform in A. county, in determining the question, any parol portion or feature of the contract or evidence as to the place of its performance and not in explanation of its terms is immaterial and cannot be looked to or considered in determining the question of defendants' waiver to be sued in B. county.

2. **Venue ⏣7—Suit not maintained in county of plaintiff's residence unless contract imported obligations to be performed there.**

In action for damages alleged to have been sustained by reason of a breach of contract to erect tanks on plaintiff's ranch in A. county, where defendants filed their plea of privilege to be sued in B. county, the written contract is decisive, and unless it contains an express agreement of defendants, to perform the contract in A. county, or such reference or statements importing an obligation to perform in A. county, the suit cannot be maintained there.

3. **Venue ⏣7—Contract contained no fact showing it was to be performed in county of plaintiff's domicile.**

Where contract for the erection of tanks contained no reference to any fact from which it could be held that it was to be performed in plaintiff's county or at his ranch so as to make applicable or material parol evidence that the ranch was in plaintiff's county and that the contract was to be performed thereon, and it was made payable in defendants' county on completion of the tanks, an action by the ranch owner for damages alleged to arise from defendants' breach of their contract was not maintainable in his county; the contract not expressing a waiver of defendants' right to be sued in the county of their residence.

Appeal from District Court, Pecos County; James Cornell, Judge.

Action by Geo. S. Allison & Sons, a copartnership, against John T. Hamic and another. From an order overruling defendants' plea of privilege, they appeal. Reversed and ordered to be transferred.

Mead & Metcalfe, of Marfa, for appellants.

Blanks, Collins & Jackson, of San Angelo, for appellees.

WALTHALL, J. This suit was instituted in Pecos county by appellees, George S. Allison & Sons, a copartnership, against appellants, John T. Hamic and J. W. Howell, for damages alleged to have been sustained by them by reason of an alleged breach of the following contract in writing:

"Contract with
"Interlocking Cement Stave Silo Company,
"San Angelo and Marfa, Texas.
"$1,700.00.    Marfa, Tex., Jan. 15, 1917.

"The undersigned has this day ordered and purchased of the Interlocking Cement Stave Silo Company, of ——, Texas, silos, water tanks, troughs or other structures as mentioned below:

"2 water tanks 40 ft. diameter, 8' 2" in height with drinking trough.

"Said company agrees to erect said tanks at their own expense, including freight and all other expenses attendant. The above-described silo, water tanks, drinking troughs or other structures are to be made of cement staves and erected at the earliest possible convenience to Interlocking Cement Stave Silo Company and shipped to ——, Texas, freight charges collect, for which the undersigned agrees to pay Interlocking Cement Stave Silo Company or their authorized agent the sum of ($1,700.00) seventeen hundred and no/100 dollars in cash on completion of erection, or, upon the following terms: To be paid for when tanks are erected.

"Interlocking Cement Stave Silo Company guarantees their water tanks to hold water and render satisfactory service on conditions that the undersigned allows, or, causes water to be pumped into the above-mentioned tanks when their construction man requests him to do so. Where tanks are allowed to remain standing without water being placed on the green concrete bottoms, the moisture will be dried out and the concrete will contract or check, and Interlocking Cement Stave Silo Company does not assume responsibility for tanks leaking under such conditions. All contracts are subject to strikes, fires, accidents, delays in transportation and other causes beyond our control. This contract must be approved by the general manager or sales manager.

"[Signed] Geo. S. Allison & Sons.
"P. O. Sonora, Texas.
"Salesman, Jno. T. Hamic.
"Approved Jan. 15, 191—.
"Jno. T. Hamic.
"Sales Manager, General Manager.
"Sale Number, 223—M.
"[Stamped with rubber stamp]: Payable at Marfa, Tex."

It was alleged that both Hamic and Howell reside in Presidio county, and were partners

---

⏣For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 28, 1923.

trading under the name of Interlocking Cement Stave Silo Company, and were owners of the business operated and carried on under the above firm name.

It was alleged that appellants were engaged in the business as indicated in the above contract, that of making cement and concrete stave water tanks and troughs, and that in Pecos county appellants proposed to sell appellees two water tanks of the dimensions stated, with attached or connecting water troughs, and represented to appellants that said troughs would be erected by appellants on appelles' ranch in Pecos county, in such way as to hold and retain all the water stored therein against loss by leaks or through any cracks or apertures in the work; the consideration of $1,700 to be paid therefor in cash by appellants on the completion of the work. It was alleged that in pursuance of said contract appellants hauled the necessary material to appellees' ranch in Pecos county and erected there said two tanks, and that appellees, upon the erection thereof, at the request of appellants, paid appellants $1,200 in partial payment of the amount specified in said contract, and otherwise complied with said contract, but that said tanks leaked and continued to leak and lose water and permitted such quantities of water to escape and waste therefrom as to make them unsuitable and unfit for the purpose for which they were intended, and by reason thereof they were of no practical value to appellees, and to appellees' damage $1,500.

Appellees further plead that at a former time, in the county court of Presidio county, appellants recovered a judgment against appellees in a suit to recover the unpaid balance under the above contract, and that the Presidio county court by reason of its limited jurisdiction was without jurisdiction of the matters pleaded here, and that for that reason it was impossible for appellees to interpose the same as an offset and counterclaim to said suit. Appellees ask judgment for their damages as pleaded and that the Presidio county court judgment be canceled by crediting the amount thereof on the recovery herein, and that appellants be enjoined from assigning or attempting to enforce same.

Within due time appellants filed their joint and several pleas of personal privilege to be sued in Presidio county, the county of their residence, alleging that they both reside in Presidio county, the allegations complying with the statute, and praying that the case be transferred to Presidio county for trial.

Appellees filed their controverting affidavit to the pleas of privilege pleading, in effect, subdivision 5 of article 1830, Revised Statutes, and that under the stipulations of the above contract and the allegations in appellants' pleadings in reference thereto, the venue of the suit, under said article of the statute, could be had in Pecos county.

The sole question presented in this appeal relates to the action of the court in overruling the appellants' plea of privilege to be sued in Presidio county, the county of their residence. The three propositions insist, in substance, that the facts do not show that appellants had contracted in writing to perform the obligation sued upon, in Pecos county. The only question presented arises on the construction to be placed on subdivision 5 of article 1830, Revised Statutes, as applied to the contract and the evidence in reference thereto. Under the statute above referred to, appellants have the right to have the case tried in Presidio county, the place of their domicile, unless they have contracted in writing to perform in Pecos county the obligation made the basis of this suit.

The contract does not by any of its terms expressly state any county or place in which it is to be performed, except that the consideration was "payable at Marfa, Tex." It is insisted by appellants that in Allison et al. v. Hamic et al. (Tex. Civ. App.) 226 S. W. 483, this court has already construed this contract to be performable in Presidio county. In that suit Hamic and Howell, appellants in this case, sued Allison & Sons, appellees in this suit, to recover the unpaid balance of the contract price for the work done and the material furnished as provided in this contract, and in which suit Allison & Sons pleaded the privilege to be sued in the county of their residence. In that suit this court held that under the terms of the contract it was agreed that the consideration was made payable at Marfa, Presidio county, and for that reason the suit was maintainable in that county. By reason of the limited jurisdiction of the county court in which that suit was brought, the matters set up here were not adjudicated in that case. This court had no occasion in that case to pass upon the question of venue as presented here, and did not do so.

[1] In determining this question any parol portion or feature of the contract, or evidence as to the place of the performance of the contract and not in explanation of the terms of the writing, is immaterial, and cannot be looked to or considered in determining the question of their waiver to be sued in the county of their residence. Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715.

[2] The written contract alone must be looked to, and unless the written portion of the contract contains an express agreement on the part of appellants to perform the contract in the county where sued, or the written portions of the contract contained such

reference, statements, or terms from which the court may be able to say that the written portion of the contract necessarily imports an obligation to perform in the county where the suit is instituted, the suit cannot be maintained in Pecos county.

Appellees refer us to Selcy v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, and Callender, Holder & Co. v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366, to sustain their contention that if the contract be in writing, and must necessarily be performed in the county where the suit is brought, the venue may be had in such county, or in the county of the residence of the party sued. There are expressions used in the cases from which such holding might be inferred, but Mr. Justice Pleasants, the writer of one of the opinions in one of the two cases, in answering somewhat similar contentions as made here, based on the above cases, wrote the opinion in Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649, and reviews the holding in those cases, and disclaims the construction put upon them, and holds that to constitute a waiver to be sued in a county other than that of the residence of the party sued, the contract must be in writing and expressly provide for its performance in a county other than that of the residence of the defendant, or the terms and nature must be such that it must necessarily be so performed.

[3] The written portion of the contract under consideration contains no term, statement, or reference to any fact from which it could be held that the contract was to be performed in Pecos county, or at appellees' ranch, so as to make applicable or material the parol evidence that the ranch was in Pecos county, and that the contract was to be performed at that ranch.

Appellees refer us to the case of County School Trustees v. Wagner (Tex. Civ. App.) 242 S. W. 532, the opinion in which was written by Mr. Chief Justice Harper of this court. That suit was for damages for failure to deliver royalty oil under a written oil and gas contract. Wagner resided in Tarrant county, and filed his plea to be sued in that county. His contract was to deliver the oil "in tanks to which he may connect his wells." The evidence was that the wells and the tanks referred to in the writing were in Eastland county, and that he connected his pipe lines with and delivered the oil therefrom in the Eastland county tanks. The holding was that having connected the pipe lines with the tanks in Eastland county, he became obligated, under the writing as above, to deliver the oil in the tanks to which he had connected the pipe lines. The contract in that case, by its written terms, fixed a place for its performance. If the contract in the instant case had, by any written term or expression, indicated that the silos and tanks were to be constructed in Pecos county, or at appellees' ranch, as in the School Trustees-Wagner Case, we think parol evidence could be heard to show the location of the tanks to be in Pecos county, and in such case the written obligation performable in Pecos county.

We have reviewed a large number of cases construing the subdivision of the statute here involved, and while different forms of expressions are used with possibly some shades of difference in the interpretation that might be given them, we have concluded that the law is as above stated. We have concluded that the contract in the instant case is not so written as to express a waiver of appellants' rights to be sued in Presidio county; that the evidence heard necessarily referred to a contemporaneous parol portion of the written contract; that the parol portion of the contract could not and did not as a matter of law waive appellants' right to be sued in Presidio county.

For the reasons stated, the case is reversed and here ordered transferred to Presidio county to be there heard on its merits.