## PATE v. GARRETT. (No. 1855.)

Court of Civil Appeals of Texas. Beaumont. June 8, 1929.

Adams & McAlister, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This suit was filed in the county court of Nacogdoches county by appellee, Mrs. S. J. Garrett, against appellant, J. D. Pate, to recover damages for breach of a written contract between the parties. The contract in full is as follows:

"Chireno, Texas, Nov. —— 1921.

"I, Joe Pate, do this day lease from Mrs. S. J. Garrett her place known as Brantley Ranch for five (5) years, beginning January 1, 1922, and ending Jan. 1st, 1927, for the sum of $80.00 each year paid in advance. I agree to put up a 4 (four) line of Standard Barbed wire fence around all outside land of said place and at the end of five years to leave same and all improvements in good repair. It is understood that said Mrs. S. J. Garrett is to hold all oil and mineral rights of all land on said place and has the right to lease same at any time during the five (5) years.

"[Signed] J. D. Pate."

"Chireno, Texas, Nov. —— 1921.

"We, the undersigned do this day lease to Joe Pate our place known as the Brantley Ranch for a term of five years beginning Jan. 1, 1922, and ending Jan. 1, 1927, for $80.00 each year paid in advance. He, (Joe Pate) agrees to keep up all improvements on said place and put up a four strand standard barbed wire fence around all outside land that belongs to the place, and at the end of the five years is to leave the fence and all improvements in good repair.

"We the undersigned to hold all oil and mineral rights on all land on said place.

"[Signed] Mrs. S. J. Garrett
"J. F. Garrett."

For cause of action it was alleged by the appellee that appellant breached the contract to the extent that he failed and refused to build around the premises based and described in the contract, as he thereby bound himself to do. There was no complaint that appellant failed to pay the money rental called for in the contract, but it was alleged that after he had held the premises for the full term of the contract he abandoned the premises and failed and refused to build the wire fence. Appellee prayed for recovery against appellant in the sum of $250, costs of suit, etc.

Appellant in due time filed a plea of privilege to be sued in San Augustine county, the county of his residence. The plea of privilege was in due order and form. To this plea appellee duly filed a controverting affidavit, the sufficiency of which was not questioned by appellant.

The plea of privilege was heard by the court without a jury and was overruled, and counsel for appellant duly excepted.

For answer to the merits, appellant interposed a general demurrer, several special exceptions, a general denial, and other special pleas, which are not material to any point before us.

After the evidence was concluded upon the merits, the court rendered and entered judgment in favor of appellee, against appellant, for $250 with 6 per cent. interest on that amount from the date of the judgment until paid, and appellant in due time prosecuted this appeal.

Appellant raises but two questions for disposition by this court. One of them is (though it is the second point presented) that the court was in error in overruling the plea

354

*in abatement.* Learned counsel for appellant contends in this connection that the written contract between the parties, as we have copied it above, does not "plainly state" that it was to be performed in Nacogdoches county where the suit was filed, and that therefore this suit could not be maintained against him in Nacogdoches county, under subdivision 5 of article 1995, R. S. 1925. We cannot sustain this contention. The written contract, as we have copied it, shows plainly that it was to be performed in Nacogdoches county. The premises around which the fence was to be built is shown by the contract to be in Nacogdoches county, and in order to comply with that part of it which obligated him to build the wire fence around the premises, appellant necessarily had to perform that part of the contract in Nacogdoches county. Such being true, the suit was properly filed in Nacogdoches county and the plea of privilege was properly overruled. Darragh v. O'Connor (Tex. Civ. App.) 69 S. W. 646; Bell County Brick Co. v. Cox & Co., 33 Tex. Civ. App. 292, 76 S. W. 608; Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Metropolitan Loan Co. v. Reeves (Tex. Civ. App.) 236 S. W. 762; Trapshooter Development Co. v. Whitton Oil & Gas Co. (Tex. Civ. App.) 263 S. W. 622.

█ Counsel for appellant further contends that appellee's petition did not describe the written contract definitely enough to put appellant on notice of the terms of the contract, with the breach of which he was charged, and that the contract being in writing should have been set out in hæc verba in appellee's petition. We cannot sustain this contention, because we find from inspection of the petition that the written contract, which we have copied above, was fully substantially described in appellee's petition, and indeed the terms of the contract would not have been more definitely shown had the appellee set it out in hæc verba. We know of no rule which required appellee to plead the contract in hæc verba.

This disposes of the appeal before us, and it follows from these conclusions that the judgment must be affirmed, and we have so ordered.

Affirmed.