### GIST v. TURNER.
#### No. 2457.

Court of Civil Appeals of Texas. El Paso.

Oct. 30, 1930.

C. W. Tate, of Odessa, for appellant.

Mead & Metcalfe, of Marfa, for appellee.

HIGGINS, J.

This is an appeal from an order overruling a plea of privilege filed by appellant claiming the right to be sued in Ector county where he resides.

Turner and Gist entered into a written contract signed by both of them, by the terms of which Turner leased to Gist various tracts of lands situate in Presidio county, and stated in the contract to be so situate.

The fourth section of the contract imposes upon Gist the obligation to use ordinary diligence to maintain the houses, fences, and watering places on the premises in a good state of repair during the lease. It was further agreed that at the time the contract was made the premises were not in a good state of repair, and Gist agreed to repair same in the exercise of ordinary diligence.

Turner's suit is to recover of Gist $1,350 damages for breach of the covenant contained in said fourth section and a balance of $518 due as rental.

The contract upon its face discloses, and the evidence shows, the land is situate in Presidio county, wherefore the covenant to repair was necessarily performable in that county. Under the authorities, a suit to recover damages for breach of the covenant to repair could be maintained in Presidio county under the fifth subdivision of article 1995, R. S. Pate v. Garrett (Tex. Civ. App.) 19 S. W.(2d) 353; County School Trustees v. Wagner (Tex. Civ. App.) 242 S. W. 532; Hamic v. Allison & Sons (Tex. Civ. App.) 247 S. W. 918; Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037; Darragh v. O'Connor (Tex. Civ. App.) 69 S. W. 644, 646; Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; Trapshooter Development Co. v. Whitton Oil & Gas Co. (Tex. Civ. App.) 263 S. W. 622; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954.

Venue as to this demand being properly laid in Presidio county, the plaintiff had the right to join in the suit the demand for the unpaid rental. International & G. N. Railway Co. v. Anderson County (Tex. Civ. App.) 150 S. W. 239; Middlebrook v. Mfg. Co., 86 Tex. 706, 26 S. W. 935; First Nat. Bank of Flatonia v. Valenta, 33 Tex. Civ. App. 108, 75 S. W. 1087; McKaughan v. Kellett-Chatham Mach. Co. (Tex. Civ. App.) 67 S. W. 908; Landa v. Ainsa Co. (Tex. Civ. App.) 231 S. W. 175; Beaumont Cotton Oil Mill Co. v. Hester (Tex. Civ. App.) 210 S. W. 702.

It is contended by appellant that the fourth section of the contract is ambiguous and any uncertainty in its meaning should be resolved in his favor. The section is awkwardly drawn, but its clear import and meaning is as we have stated it above. We think there is no uncertainty as to the obligation imposed upon appellant.

Affirmed.