## RELIANCE INS. CO. v. SMITH.
### No. 4114.

Court of Civil Appeals of Texas. Texarkana.
Dec. 7, 1931.

Rehearing Denied Dec. 17, 1931.

Marvin H. Brown & Son, of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellee.

WILLSON, C. J. (after stating the case as above).

The contention that the trial court erred when he overruled the exceptions questioning the sufficiency of appellee's petition is on the theory that, the suit being on a written contract, same must have been set out in, or the original or a copy thereof attached to,

the petition. The contention is without merit. The legal effect of the contract was sufficiently stated in the petition, and it therefore was not error to overrule the exceptions. Towns Texas Pleading, 498; Peyton Creek Irr. Dist. v. White (Tex. Civ. App.) 230 S. W. 1060; Pate v. Garrett (Tex. Civ. App.) 19 S.W. (2d) 353.

Appellee, as a witness, testified that she was called to appellant's office four or five times; that each of the times she found there a person whose name she did not remember, but who represented himself to be appellant's adjuster; and over appellant's objection was permitted to testify, further, that on the occasion of one of the visits said person offered to pay her $400 in settlement of her claim on account of the loss of the automobile, on the occasion of another one of the visits offered her $500, and on the occasion of another one of the visits offered her $1,000; that on one of the occasions the person "got (quoting) her policy out in the office" and looked it over; that she refused the offer of $400 and the offer of $500, but accepted the one to pay her $1,000; that the person wrote out the "proof of loss" necessary to be made by her, which she signed up; and that afterwards appellant refused to pay her the $1,000. The grounds of the objection to the testimony were that it did not appear that the person said to have made the offers was authorized to act for appellant in making same, and that the offers were to compromise and therefore inadmissible as evidence. We think it was not error to overrule the objection. It appeared in the evidence that the person representing himself as appellant's adjuster assured appellee if she did not settle on the terms offered she "would not (quoting) get a nickel," because there was a man who was going to testify that she paid him to burn the automobile, and appeared further that after she refused offers made her as stated criminal charges on account of the burning of the automobile were lodged against her. 22 C. J. 316, where it is said: "Where a letter embodies threats if the offer contained therein is not accepted, it is in the interest of justice that such tactics be exposed, and no privilege exists, even though the letter states it is 'without prejudice.' " And section 22 C. J. 311 et seq.; and Missouri, K. & T. Ry. Co. v. Sullivan (Tex. Civ. App.) 157 S. W. 193. We think the testimony referred to above warranted the finding involved in the judgment, that the person who represented himself to be appellant's adjuster was its adjuster and as such authorized to act for it in the effort he made to effect a settlement of appellee's claim.

We do not think the court erred when he sustained objections of appellee and excluded as evidence: (1) Testimony of the witness Reagan that Phillips and Burroughs, in the absence of appellee, told him that she paid them to burn the automobile; (2) testimony of the witnesses Harris and Watson that Burroughs and Phillips were indicted for burning the automobile; and (3) testimony of said witness Reagan intended to prove that appellee was reputed to be a "bootlegger." The testimony, as we view it, was clearly inadmissible.

Contentions not disposed of by what has been said are believed also to be without merit, and are overruled.

There is no error in the judgment, and it is affirmed.