## RELIANCE INS. CO. v. SMITH.
### No. 1742—6190.

Commission of Appeals of Texas, Section A.
Dec. 30, 1933.

Marvin H. Brown & Son, of Fort Worth, for plaintiff in error.

Charles Mays and Mays & Mays, all of Fort Worth, for defendant in error.

HARVEY, Presiding Judge.

This is a suit by the defendant in error, Mrs. Edna K. Smith, against the Reliance Insurance Company, the plaintiff in error, to recover on an insurance policy. The case was tried to a jury, resulting in a judgment against the insurance company. The latter appealed, and the Court of Civil Appeals affirmed said judgment. 44 S.W.(2d) 446.

The statement of the case as made by the Court of Civil Appeals is adopted. Such statement reads as follows:

"Appellee, joined by her husband, Ben K. Smith, sued appellant, alleging in her petition that appellant, in consideration of $86.-87 paid to it, on January 14, 1927, issued to her a policy whereby it insured her in the sum of $1,200 for a period of one year from said date against 'loss by fire and also loss by theft' of a described automobile. In its answer to the suit, appellant alleged as a reason why appellee should not be allowed to recover of it as she sought to that the automobile was burned by one Phillips and one Burroughs in pursuance of a conspiracy between them and appellee to burn it, so that appellee could recover of appellant the amount of the policy. The jury having found on special issues submitted to them that the market value of the automobile at the time it was burned (November 10, 1927) was $1,-200, and that appellee had not 'entered (quoting) into an agreement with O. B. Phillips and E. E. Burroughs, or either of them, that they should take said automobile and burn the same,' the court rendered judgment in appellee's favor against appellant for said sum of $1,200. It was recited in the judgment that appellee and her husband had been divorced and that the automobile belonged to appellee's separate estate. It was for those reasons, it appears, that appellee's husband was denied a recovery of anything. The appeal was prosecuted by appellant alone."

Such additional facts will be stated in the course of this opinion as becomes appropriate.

The plaintiff in error complains of the testimony of Mrs. Smith regarding an offer of compromise made to the latter by the

agent of the insurance company. The Court of Civil Appeals correctly held that there was testimony to show that the person who made such offer was adjuster for the insurance company. The identity of such person is capable of definite ascertainment from facts in evidence.

The circumstances under which Mrs. Smith testified to the offer of compromise were as follows: Counsel for the insurance company adduced evidence of the fact that some time after the car was burned, which occurred some three years before the date of trial, the grand jury had indicted Mrs. Smith for the burning of the car. Mrs. Smith testified, without dispute, that, after the car was burned, and before said indictment was found, the adjuster for the insurance company offered her a certain sum in compromise of her claim under the policy, and at the same time threatened that, unless she accepted the offer, criminal charges would be lodged against her for burning the car. She refused to accept the offer of compromise. Shortly after this, the grand jury indicted her. Under these circumstances, reversible error was not committed by the trial court in allowing Mrs. Smith to testify as she did. The insurance company, having adduced evidence of the fact that she had been indicted, was not in a position to complain of her testimony which tended to show that the indictment was instigated by the insurance company for the purpose of forcing a compromise.

 The insurance company further complains of what it calls improper argument made by Mrs. Smith's counsel to the jury. This argument had direct relation to the fact, proved by the insurance company, that Mrs. Smith had been indicted for the burning of the car, and to the threat in that respect which the adjuster for the insurance company had made. If such argument were improper, the insurance company provoked same by injecting into the case the fact that Mrs. Smith had been indicted. The contention of the insurance company in this respect is overruled.

The insurance company further complains of the action of the trial court in excluding from evidence the testimony of the witness A. K. Harris to the effect that one D. E. Burroughs and one O. B. Phillips had admitted to the witness that they, Burroughs and Phillips, had burned the car at the instance of Mrs. Smith in order for her to claim indemnity for its loss, under the policy in question. This testimony was properly excluded. There is, perhaps, no better established rule of evidence than that the ex parte declarations of an alleged conspirator, concerning the alleged conspiracy, is not admissible against an alleged coconspirator, unless the conspiracy is shown by other testimony. We have read the statement of facts in this case, and have found no fact, circumstance, or combination of circumstances, which tends to show that a conspiracy, such as the hearsay declaration in question imports, ever existed.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.