

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 13, 1970

Honorable Ben Barnes
Office of the Lieutenant Governor
State Capitol Building
Austin, Texas   78711

Opinion No. M-574

Re: Authority of the Parks
and Wildlife Commission
to expend funds for the
purposes authorized in
the Parks and Wildlife
appropriation item num-
ber 23, of the General
Appropriation Bill, 1970-
71 biennium, and related
questions.

Dear Lieutenant Governor Barnes:

Your request for an opinion asks the following questions:

"1.   Does the Parks and Wildlife Commission
have authority to expend funds for the purposes
authorized in Parks and Wildlife appropriation
item number 23?

"2.   From what appropriation fund or funds
can Parks and Wildlife Department appropriation
item number 23 be financed?

"3.   If Parks and Wildlife appropriation
item number 23 is construed as being made from
Special Game and Fish Fund Number 9, can money
from that fund legally be spent for the purposes
authorized in appropriation item number 23?

"4.   If the Parks and Wildlife Commission
has the authority to expend money from its ap-
propriation for the purposes spelled out in ap-
propriation item number 23 -- whether the financ-
ing comes from Special Game and Fish Fund Number
9 or from any other source -- can the water ex-
change pass be used for the passage of boats?"

We quote the following from the appropriation to the
Parks and Wildlife Department by House Bill 2, Acts of the 61st

-2737-

Hon. Ben Barnes, page 2 (M-574)

Legislature, 2nd C.S., 1969, at pages III-117, 118:

|  | "For the Years Ending August 31, 1970 | August 31, 1971 |
|---|---|---|
| "23. For preparation of detailed plans and specifications, and all other necessary costs in connection with first phase construction of a water exchange pass (and bridge) between Corpus Christi Bay and the Gulf of Mexico adjacent to Mustang Island according to preliminary engineering plans | $ 1,500,000 | $ 1,500,000 |
| GRAND TOTAL, PARKS AND WILDLIFE DEPARTMENT | $20,069,313 | $19,004,191 |
| Method of Financing: | | |
| General Revenue Fund | $ 5,169,772 | $ 4,354,735 |
| State Parks Fund No. 64 | 662,280 | 730,120 |
| State Parks Special Mineral Fund No. 267 | 6,595 | 6,595 |
| Special Game and Fish Fund No. 9 | 11,186,501 | 11,334,484 |
| Land and Water Recreation and Safety Fund No. 63 | 1,800,000 | 1,800,000 |
| Varner Hogg Trust Account No. 961 | 6,765 | 6,765 |
| Special Boat Fund No. 59 | 300,000 | 300,000 |
| Federal Land and Water Conservation Fund No. 223 | 937,400 | 471,492 |
| Total | $20,069,313 | $19,004,191" |

It is noted that Item 23 does not specify from what fund or funds said appropriation is made. Likewise the "method of financing" provision relating to the appropriation does not indicate which funds are to be used to finance any particular item of appropriation. We therefore conclude that whether an item of appropriation is paid out of the General Revenue Fund,

-2738-

State Parks Fund No. 64, State Parks Special Mineral Fund No. 267, Special Game and Fish Fund No. 9, Land and Water Recreation and Safety Fund No. 63, Varner Hogg Trust Account No. 961, Special Boat Fund No. 59, or Federal Land and Water Conservation Fund No. 223 is dependent upon the purpose for which the item of appropriation is made. Item 23 is for the purpose of providing "a water exchange pass (and bridge) between Corpus Christi Bay and the Gulf of Mexico adjacent to Mustang Island."

Moneys appropriated by the Legislature may be expended for the purpose specified, provided the purpose is for governmental use or purposes as distinguished from private purposes. State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960); Bexar County v. Linden, 110 Tex. 339, 220 S.W. 761 (1920); Road District No. 4, Shelby County v. Allred, 123 Tex. 77, 68 S.W.2d 164 (1934); Jefferson County v. Board of County and District Road Indebtedness, 143 Tex. 99, 182 S.W.2d 908 (1944); City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818 (1923). It is our opinion that the purpose specified in Item 23 of the appropriation to the Parks and Wildlife Department is for a governmental purpose or use as distinguished from a private use. You are accordingly advised in answer to your first question that Item 23 may be expended by the Parks and Wildlife Department for the purposes therein expressed.

The Parks and Wildlife Department was created by the provisions of Article 978f-3a, Vernon's Penal Code. This article provides that the Special Game and Fish Fund shall be used for the purposes provided in the act and for purposes provided by law, and also prohibits the use of money heretofore authorized for park purposes to be expended for any other purpose than the operation, maintenance or development of State parks. The Special Game and Fish Fund was created by the provisions of Article 4386b, Vernon's Civil Statutes. Section 3 of Article 4386b provides:

"Sec. 3. The Special Game and Fish Fund shall be used for the aggregate purposes for which the Special Game Fund, the Special Fish Propogation and Protection Fund, the Fish and Oyster Fund, the Sand, Shell and Gravel Fund, and the Lake Worth-Eagle Mountain Lake Fund is now directed by law to be used."

In view of the foregoing, it is our opinion that whether Item 23 of the above referred to appropriation is to be expended from the Special Game and Fish Fund depends upon

the use intended to be made by the Parks and Wildlife Department of the "water exchange pass." In this connection it is to be noted that House Bill 952, Acts of the 56th Legislature, R.S., 1939, Ch. 84, of the Special Laws (Article 978f, note V.P.C.) makes it unlawful:

> ". . . for any person to use, operate, sail, anchor, tie, or moor to the bank any boat, sailboat, motorboat, skiff, barge, raft, or other floating device, or to place any post, piling, obstruction, wire, rope, cable, net or trap, in or upon the waters of any natural or artificial pass which is now or may be hereafter opened, re-opened, dredged, excavated, constructed, and maintained, by the Game, Fish and Oyster Commission [now Parks and Wildlife Department] of the State of Texas as a fish pass, between the Gulf of Mexico and any inland bay, within a distance of two thousand, eight hundred (2,800) feet inside of such pass, measured from the mouth of said pass where it empties into or opens upon the Gulf of Mexico." (Brackets and emphasis ours.)

You are therefore advised in answer to your second and third questions that if the Parks and Wildlife Department intends to maintain the "water exchange pass" as a fish pass, such funds may be expended from the Special Game and Fish Fund No. 9; otherwise, such item of appropriation should be expended from the General Revenue Fund.

In answer to your fourth question, if the Parks and Wildlife Department maintains the "water exchange pass" as a fish pass, such pass cannot be used for the passage of boats. On the other hand, if the "water exchange pass" is not maintained by the Department as a fish pass, such pass may be used for the passage of boats.

S U M M A R Y

Item 23 of the appropriation to the Parks and Wildlife Department for construction of a "water exchange pass" may be expended for the purposes specified in Item 23 and such expenditure is payable from either the Special Game and Fish Fund No. 9 or the General Revenue Fund, depending upon whether such pass is intended to be maintained by the Department as a fish pass. If it is to be

maintained as a fish pass, such item of appropriation is payable from the Special Game and Fish Fund; otherwise it is payable from the General Revenue Fund. If the "water exchange pass" is maintained by the Department as a fish pass, such pass may not be used as a passage for boats. If it is not maintained by the Department as a fish pass, it may be used as a passage for boats.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Roger Tyler
Houghton Brownlee
Jack Sparks
Monroe Clayton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant